## SOLOMON ECKSTEIN *v.* DAVID CALDERWOOD *et al.*

MOTION TO SET ASIDE EXECUTION SALE—NOTICE TO PURCHASER. — The purchaser at a Sheriff's sale is entitled to notice of motion to set it aside.

IDEM—MODE OF SERVICE.—The fact that the purchaser is absent from the State at the time of the sale, or of the motion to set it aside, does not excuse the service on him of notice to show cause. Where personal service cannot be made, it should be made as prescribed in section five hundred and twenty of the Practice Act.

APPEAL from the County Court of the City and County of San Francisco.

Under an alias execution issued on a judgment in favor of plaintiff and against defendant, rendered by the County Court of the City and County of San Francisco, in this cause, certain lots of the defendants were sold by the Sheriff to one Henry L. Nelson. Thereafter, upon motion of defendants, based on affidavit setting forth cause therefor, but without notice thereof to said Nelson—although notice was served on G. F. Sharp, Esq., who had acted as his agent in making the purchase—the County Court made an order setting aside said execution, as unwarranted by the judgment, and said

sale as illegal; from which order Henry L. Nelson appealed. The other facts are stated in the opinion of the Court.

*John Hunt, Jr.,* for Appellant.

Section five hundred and twenty of the Practice Act specifies how notice and papers are to be served, viz: either upon the attorney, (and Nelson had none here,) or upon the party himself. Section five hundred and twenty-one provides for such service, where, as claimed here, the party making the service and the party to be served reside in different places. If personal service, therefore, could not have been made on Nelson, the respondent should have followed the statutory provision adapted to the case of non-resident parties. There can be no question that an admission of service by Sharp, as agent, would not have conferred jurisdiction over Nelson. (*Becker* v. *Hager,* 3 How. Pr. 68; and see, generally, *Fitch* v. *Brockmon,* 2 Cal. 575.) An agent cannot act as attorney at law for his principal. (*Dixey* v. *Pollock,* 8 Cal. 574.) No service having been shown on Nelson and no appearance entered, this judgment should be reversed on the record. (*Schloss* v. *White,* 16 Cal. 66, and cases cited.)

*J. M. Seawell,* for Respondents.

It appears, from the uncontradicted affidavit filed in support of the motion, that Nelson, the appellant, was absent from the State at the time of the sale; that Mr. George F. Sharp, one of plaintiff's attorneys, purchased in the name of Nelson and receipted the amount of the bid on the execution, without any money having been passed between the parties. These, however, are matters outside of the judgment and executions, which, while they give color to the transaction, do not affect the legal rights of the parties. I place this case upon the broad ground that the execution was void on its face—that Nelson was not a party to the suit, and therefore not entitled to any notice of the application.

The Court could have set aside the sale on its own motion, at the suggestion of any *amicus curiæ*. If Nelson acquired any rights at the sale, he could not be divested of them by motion. It would require an original suit to set the sale aside. But such suit could not be brought in this case, because, as we contend, the execution and sale were void and passed no title whatever. If, then, a motion was the proper remedy, Nelson—not being a party to the suit—was not, as a matter of legal right, entitled to notice. (*Day* v. *Graham*, 1 Gil. 451.)

By the Court, SANDERSON, J.:

The purchaser at a Sheriff's sale is entitled to notice of a motion to set it aside. The case not only shows that no notice was served upon Nelson, but it fails to show that he appeared.

The fact that he was absent from the State at the time of the sale, or at the time the motion was made, if such was the fact, (which latter fact does not appear, however,) did not excuse the defendants from serving him with a copy of the order to show cause. Personal service was not required. It could have been served by leaving it at his residence, if known, with some person of suitable age and discretion, between the hours of eight in the morning and six in the evening; or, if his residence was not known, by inclosing it in an envelop and depositing it in the Post Office, addressed to him. (Practice Act, Sec. 520, 2d subd.)

As against the appellant the order is reversed.