WILLIAM A. SENTER AND TEN OTHER PERSONS, RESPONDENTS, *v.* BLANDA CASTRO DE BERNAL AND FIFTY-SEVEN OTHER PERSONS, APPELLANTS.

ADVERSE PARTY. — By the words "adverse party," used in Sections 335 and 337 of the Code, in relation to appeals, is meant every party whose interest in the subject-matter of the appeal is adverse to a reversal or modification of the judgment or order from which the appeal has been taken, irrespective of the question whether he appear upon the record in the attitude of plaintiff, or de-defendant, or intervenor.

WHO MAY APPEAL AND WHO MUST BE NOTIFIED. — The code allows any party who feels aggrieved to appeal without joining any one else, whether the judgment against him be joint or several; but he is required to notify all other parties who are interested in opposing the relief which he seeks by his appeal, if they have formally appeared in the action, and if he does not he will be not only entitled to no relief against those not notified, but also against those notified, if the relief he seeks is of such a character that it cannot be granted as to the latter without being granted as to.the former also.

PARTIES IN PARTITION—THEIR RELATION TO EACH OTHER.—The parties to a partition suit are all actors, or plaintiffs, each against each and all others.

APPEALS FROM THE INTERLOCUTORY JUDGMENT IN PARTITION.—Appeals may be taken from it by the parties aggrieved without notice to anybody except those who were parties to the particular issue which they seek to have reviewed.

IDEM—FROM FINAL JUDGMENT.—If the object of the appeal be to reverse or modify the final judgment in partition, all the parties to the judgment must be made parties to the appeal, either as appellants or respondents, or the appeal will prove ineffectual.

IDEM.—In an action for partition, if there be eleven plaintiffs and fifty-seven defendants, and five of the defendants join in an appeal from the *whole* of the *final* judgment, and give the plaintiffs notice, but not their co-defendants, the appeal will be dismissed.

APPEAL from the District Court of the Third District, Santa Clara County.

The case was a motion to dimiss the appeal in an action for partition, and is stated in the opinion of the Court.

. *S. O. Houghton,* for the motion, relied upon Sections 337, 338 and 339 of the Code and *Morenhout v. Higuera* (32 Cal. 295.)

*F. E. Spencer, J. A. Moultrie, C. T. Ryland,* and *Moore, Laine & Silent, contra.*

*  *  * We are aware that under the old systems of practice, on writs of error, and on appeals governed by like rules as the writ of error, all the defendants should have joined in the appeal, or they should have been brought before this Court and a severance had. (9 Peters 399 ; 6 Blackford, 138.)

This motion, however, must be determined by our system of practice. It is governed by our code.    *    *    *

The first section of our code provides that there shall be "but one form of civil action ;" so that the action of partition does not form an exceptional case ; nor is it governed by peculiar rules. The 335th Section provides that "*any party aggrieved may appeal;*" that "the *party* appealing shall be known as the *appellant,* and the *adverse party* as the respondent."

It will be observed that this section guarantees the right of appeal to *any party aggrieved* by the judgment or order.

Whether a party be aggrieved, we submit, is a matter to be judicially determined by the Court upon the record.

There is no way or mode pointed out in our code for a plaintiff or defendant, desiring to appeal, to *compel his co-defendant*, or *co-plaintiff, to join with him in the appeal;* neither is there any way to compel a *severance,* as under the old systems. The code gives all the parties the right of appeal, and empowers this Court to modify the order, or judgment appealed from, in the respect mentioned in the notice of appeal, *" as to any or all of the parties."* (Sec. 345.) Any party may bring up the judgment and ask it to be modified or reversed, as to *any or all the parties.*

Council further argued at length in support of these views, citing *Matson* v. *Jones* (9 How. P. R. 152); *Gerand* v. *Stagg* (10 *Id.* 369); *Cotes* v. *Carroll* (28 *Id.* 436.)

SANDERSON, J., delivered the opinion of the Court:

This is an action for the partition of the Rancho Santa Teresa, situated in the County of Santa Clara. Sixty-eight persons, according to the complaint and final judgment, were interested in the rancho, and were made parties to the action—eleven of whom appear on the record as nominal plaintiffs, and the remainder as defendants. So far as the *transcript* shows, however, only five of the defendants formally contested the action. These five took separate exceptions to the report of the referees who made the partition in the field. Their exceptions were overruled and the report finally confirmed. They then united in a motion for a new trial of their exceptions, which motion was denied. They then united in an appeal to this Court from the *whole* of the final judgment and the order denying them a new trial of their exceptions. The notice of motion for new trial was addressed to the nominal plaintiffs, but not to the nominal co-defendants of the appellants or any of them, and was served on the nominal plaintiffs only. The notice of appeal was addressed to the plaintiffs and the co-defendants of the appellants, but was served only upon the plaintiffs.

Such being the condition of the appeal, as shown by the

transcript, the plaintiffs have made a motion to dismiss it, and, in the further support of the motion, have filed affidavits,·from which it appears that *all* of the defendants appeared in the action, but were not made parties to the motion·for a new trial, nor to this appeal, and did not, therefore, participate either in making the statement on the motion for a new·trial, or the statement on this appeal; and, further, that the notice of appeal, although addressed to the co-defendants of the appellants, was not served upon any of them.

In support of the motion, it is argued that the appeal involves either a reversal or modification of the final judgment, neither of which .can be granted, from the nature of the case, without affecting or disturbing the rights of those defendants who have not been made parties to the appeal, and over whom, therefore, this Court has no jurisdiction; that in actions of this character all persons who are interested in the estate to be divided are *actors* as against each and every other, whether they appear upon the face of the record as plaintiffs or defendants, and each, therefore, as to every other, is an "adverse party" within the meaning of the law in relation to appeals, and, therefore, entitled to be made a party to· and notified of all proceedings taken by any one of them for the purpose of changing or in any respect affecting the *final* judgment of the lower Court.

The code provides that *any party* aggrieved by the judgment of the District Court may appeal, and the party appealing shall be known as the appellant, and the *adverse* party as the respondent. (Sec. 335.) By "any party" is to be understood, as we consider, any *person* who is a party to the action. The appeal may be taken by filing a notice with the clerk, and serving a copy upon the *adverse party* or his attorney. (Sec. 337.)

The question is as to the meaning of the words "adverse party" as here used, and as to that we think there can be no rational doubt. Every party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken, is, we think, an "adverse party"

within the meaning of these provisions of the code, irrespective of the question whether he appears upon the face of the record in the attitude of plaintiff or defendant or intervenor. Such was declared to be the meaning of this language, as used in the statutes and rules of the Court of Chancery of New York, prior to the adoption of the code in that State. In *Thompson* v. *Ellsworth* (1 Barb. Ch. R. 627), Chancellor Walworth said : "The *adverse party*, within the intent and meaning of the 80th Section of the statute relative to writs of error and appeals (2 R. S. 605), and of the 116th Rule of this Court, means the party whose *interest* in relation to the subject of the appeals is in *conflict* with the *reversal* of the order or decree appealed from, or the modification sought for by the appeal." The 80th Section of the statute, to which the Chancellor referred, provided that an appeal should be taken to the Chancellor from an order or decree of the Vice Chancellor "by serving notice thereof on the solicitor of the *adverse party*, and on the Register, Assistant Register or Clerk with whom the order or decree appealed from was entered." Between the language of that statute and that employed in the Code of New York and of this State in relation to appeals, there is no difference affecting the sense, and it has accordingly been declared in New York that the meaning of the code is the same as that of the revised statute which was interpreted in *Thompson* v. *Ellsworth*. (*Cotes* v. *Carroll*, 28 How. P. R. 436.) The action cited was by executors against the heirs and devisees of their testator to obtain a judicial construction of the will. The judgment pronounced by the Court below allowed the claims of some of the defendants as against the others, and it was held that the latter defendants, on bringing an appeal, must serve their notice on the former defendants as well as upon the plaintiffs, for they were *adverse parties* within the meaning of the code in relation to appeals. We think with the Court in that case, that the language admits of no other sensible construction. Our code allows any and every party who is aggrieved to appeal without joining any one else, no matter what may be the character of the judgment against him,

whether joint or several ; and, in this respect, works a change from the former practice, but he is required to notify all other parties who are interested in opposing the relief which he seeks by his appeal, if they have formally appeared in the action in the Court below, or his appeal, as to those not served, will prove ineffectual, and also as to those served, if the relief sought is of such a character that it cannot be granted as to the latter without being granted as to the former also.  Such being the rule, it follows that the appellants in this case cannot maintain their appeal as against any of their co-defendants, for they have not been made parties to the appeal ; nor against the plaintiffs, if a reversal or modification of the judgment as to them will, also, affect the co-defendants of the appellants.

. As suggested by counsel for the plaintiffs, the several parties to an action of this character, so far as its ultimate purpose is concerned, to wit: a partition—are all actors, or plaintiffs, each against each and all others, and it is, in this respect, a matter of no consequence whether they appear upon the face of the record in the technical attitude of plaintiffs or defendants.  As we said in *Morenhout* v. *Higuera* (32 Cal. 295): "An action for partition, under our statue, is to some extent *sui generis.*  The parties named in the complaint, whether as plaintiffs or defendants, are all actors, each representing his own interest.  Whether plaintiffs or defendants, they are required to set forth fully and particularly the origin, nature and extent of their respective interests in the property, and the interests of each and all may be put in issue by the others and tried and determined." If, as in this case, partition is to be made by a division of the land, it is obvious that this conflict of interest does not cease at the entry of the interlocutory judgment, by which the quantity of their respective interests is declared, but continues until the referees have reported and a final judgment has been entered.  Prior to the interlocutory judgment there may be issues in which certain parties only are interested.  From the interlocutory judgment upon such issues appeals may be taken by the party aggrieved without making any persons parties to the appeal, except such as were par-

ties to the issue; but no appeal from the *whole* of the final judgment can be made effectual unless all of the parties to it are made parties to the appeal, either as appellants or respondents, for such a judgment cannot be reversed without affecting the interest of all who are parties to it. To reverse the final judgment in this case, or which amounts to the same thing, to grant these appellants a new trial, would overturn all the proceedings which have been had subsequent to the interlocutory judgment, and render a new division of the land necessary. This result is obvious, from the fact that the appeal is not taken from some *part* of the judgment, which might possibly be changed without affecting any parties except the plaintiffs and appellants, but from the *whole* of it; and also from the errors which counsel have assigned upon it, which go to the entire judgment, and not to a particular part of it. They are, in substance, that the Court erred, first, in confirming the report of the referees; and, second, in not setting it aside: First—Because it appeared that there were persons interested in the rancho who had not been made parties to the action; Second—Because it appeared that the referees had not, in making the partition, proceeded according to the interlocutory judgment. That to sustain these points, or either of them, would be to overturn the whole final judgment, is too obvious for argument.

It follows that the motion to dismiss the appeal must be sustained, and it is so ordered.