[No. 18079. Department One.—August 15, 1893.]

THADDEUS HARPER, APPELLANT, v. LAURA J. HILDRETH, ADMINISTRATRIX, ETC., ET AL., RESPONDENTS.

| | |
|---|---|
| 99 | 265 |
| 100 | 577 |
| 99 | 265 |
| 109 | 79 |
| 99 | 265 |
| 110 | 87 |
| 110 | 560 |
| 99 | 265 |
| 112 | 149 |
| 99 | 265 |
| 114 | 463 |
| 99 | 265 |
| 120 | 24 |
| 120 | 369 |
| 99 | 265 |
| 122 | 390 |
| 99 | 265 |
| 125 | 16 |
| 99 | 265 |
| 130 | 541 |
| 99 | 265 |
| 132 | 252 |
| 99 | 265 |
| 145 | 569 |
| 99 | 265 |
| 146 | 11 |
| 99 | 265 |
| 149 | 175 |
| 149 | 176 |

ACTION TO DISSOLVE PARTNERSHIP—PARTIAL DISMISSAL—APPEAL—SERVICE OF NOTICE—JURISDICTION—DISMISSAL OF APPEAL.—In an action to dissolve a partnership and to determine the rights of the parties to certain land claimed by the defendant partner, and alleged to be partnership assets, where other defendants were made parties to the action because of their claim of an interest in the land, and upon their motion the court dismissed the action as against them and as against the lands involved in the action, the failure of the plaintiff, in appealing from the judgment of dismissal, to serve the defendant partner with a notice of appeal, is fatal to the jurisdiction of the appellate court, such defendant being an "adverse party" within the meaning of section 940 of the Code of Civil Procedure, and such appeal must be dismissed.

ID.—MEANING OF "ADVERSE PARTY."—An "adverse party" within the meaning of section 940 of the Code of Civil Procedure, requiring the notice of appeal to be served on the "adverse party," is every party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order appealed from.

ID.—QUESTION TO BE DETERMINED BY RELATIVE POSITION OF PARTIES AND PLEADINGS.—Whether a party to an action is "adverse" to the appellant must be determined by their relative position on the record and the averments in their pleadings, rather than from the manner in which they may manifest their wishes at the trial, or from any presumption to be drawn from their relation to each other, or to the subject-matter of the action in matters outside of the action. If his position on the record makes him nominally adverse, he must be so considered for the purpose of an appeal from the judgment thereon.

ID.—NON-APPEALABLE ORDERS.—An order dismissing an action, an order denying leave to file an amended and supplemental complaint, and an order denying a motion to introduce evidence, are not appealable orders, and an order refusing to vacate such orders is not appealable.

ID.—REFUSAL TO VACATE ORDERS.—When an appeal can be taken from an order, a subsequent order denying a motion to vacate that order is not appealable, unless the original order was irregularly issued. If the original order was in itself not appealable, an order refusing to vacate it is not appealable.

ID.—DISMISSAL OF APPEAL—UNAUTHORIZED ORDER.—Upon a motion to dismiss an appeal from an order on the ground that it is not an appealable order, the order itself must be examined, and if it is one which was not authorized it does not become appealable by reason of its purporting to do that which the court was not authorized to do.

ID.—NEW TRIAL OF MOTION—NON-APPEALABLE ORDER—WANT OF JURISDICTION.—The code does not authorize a new trial of a motion; and an appeal from an order denying a new trial of a motion is not an appealable order, and will be dismissed upon the ground that the trial court had no jurisdiction thereof.

ID.—CONSTRUCTION OF CODE—APPEAL FROM NEW-TRIAL ORDER.—The provision of section 963 of the Code of Civil Procedure authorizing an appeal from an order denying a new trial, is limited to those cases in which a new trial is authorized.

MOTION to dismiss appeals from a judgment of the Superior Court of Fresno County, and from certain orders.

The facts are stated in the opinion of the court.

*Henry E. Highton, Milton E. Babb, Fox & Kellogg,* and *R. S. Gray,* for Appellant.

*Walker C. Graves,* and *A. L. Rhodes,* for Respondents.

HARRISON, J. — Motion to dismiss the appeals.

The plaintiff brought this action in 1884, against Thomas Hildreth, for the purpose of dissolving a partnership between them and to procure the sale of certain lands described in the complaint and alleged to be a part of the partnership assets. The other defendants were made parties to the action by reason of their claim to some interest in the lands. In 1891, the defendants, other than Hildreth, moved the court to dismiss the action as against them and as against the lands described in the complaint, and when this motion came on for hearing the defendant Hildreth moved the court for its dismissal, and the two motions were heard together. The court denied Hildreth's motion and granted the motion of the other defendants, and ordered that the action be dismissed as against the said defendants and also as against and in regard to the lands described in the complaint; and at the same time denied the motion of plaintiff to file an amended and supplemental complaint as against the said defendants, and to introduce certain additional evidence. Judgment was entered in accordance with this order on the twenty-eighth day of December, 1891, and on the fifteenth day of February, 1892, the plaintiff gave notice of his appeal therefrom. January 14, 1892, the plaintiff gave notice of his intention to move for an order vacating and setting aside the foregoing decision of the court dismissing the action, and also to vacate and set aside the decision of the court denying his motions for leave to file an amended and supplemental complaint and to introduce certain evidence at the hearing of the motion to dismiss the cause, and to grant a new trial thereof. May 16, 1892, the court made an order denying these motions, and on the same day the plaintiff gave notice of an appeal from this order denying his motion to vacate the decision dismissing the action, and to vacate the decision denying his motions, and his motion "for a new trial of said cause upon and as to each of said motions." These notices of appeal were each directed to and served upon the attorneys for the defend-

ants who had made the motion to dismiss the cause, but were neither directed to nor served upon the defendant Hildreth, or his attorney. The respondents now move the court to dismiss the appeals from the orders, upon the ground that the said orders are not appealable; and also to dismiss the appeal from the judgment, upon the ground that as the notice of appeal was not served upon the defendant Hildreth this court has no jurisdiction to entertain the appeal.

1. This court has jurisdiction to entertain an appeal only upon a compliance by the appellant with the procedure prescribed by the legislature for taking the appeal. Section 940 of the Code of Civil Procedure requires that the notice of appeal shall be served on the "adverse party." Unless such service is made this court has no jurisdiction over him, and any order or judgment it might make with reference to the judgment appealed from would be *ex parte* and could not affect his rights or be binding upon him. The "adverse party" referred to in this section is defined in *Senter* v. *De Bernal*, 38 Cal. 640, to be "every party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken." In *Williams* v. *Santa Clara Min. Ass'n*, 66 Cal. 195, it was said: "This court has not jurisdiction to hear an appeal from a judgment unless the appellant shall have served the notice of appeal on all the adverse parties — that is to say, upon all whose rights may be affected by a reversal of the judgment; or where the appeal is from part of the judgment, by a reversal of the part appealed from." It was held in that case that when the appeal is from the whole judgment notice need not be served upon all the parties to the action if the modification sought can be effected without affecting the rights of those not served. In *In re Castle Dome Min. Co.*, 79 Cal. 246, the corporation had suffered default, and although it appeared that it would not be affected in any practical manner, however the appeal might be determined, yet it was held to be an "adverse party" inasmuch as the judgment dismissing the action was practically a judgment in its favor and could not be reversed without depriving it of an apparent advantage; and the appeal was dismissed for the reason that no notice thereof

had been served upon it. In *Milliken* v. *Houghton,* 75 Cal. 540, an execution running against several parties was quashed upon the motion of a part of the defendants. The plaintiff appealed from the order, serving his notice only upon those who had made the motion, but it was held that the co-defendants who had not joined in the motion were "adverse parties," as the reversal of the judgment would revive the execution against them.

The present action was brought for the purpose of dissolving the partnership between the plaintiff and Hildreth, and determining their respective rights in the "Hildreth rancho." The ownership of this land is the chief issue presented by the pleadings between the plaintiff and Hildreth, and the plaintiff seeks its sale and a division of the proceeds under the judgment of the court. Hildreth admits the existence of the partnership, but denies that the land forms any portion of its assets, or that the plaintiff has any interest therein. The plaintiff and Hildreth are thus adverse to each other upon one of the main issues in the case. The judgment of the court, dismissing the land from the action, has taken this issue out of the case, and left Hildreth free to make such disposition of the land as he may choose, and to render such disposition free from the effect of any judgment or order that may hereafter be made in the action. The court has thereby lost its jurisdiction over the land for the purposes of this action as fully as if it had never been brought under its jurisdiction. The reversal of this judgment would have the effect to revive the issue of ownership in the land between the plaintiff and Hildreth, and to restore the land to the control of the court in the action, and deprive Hildreth of the free and unrestrained power of alienation which followed the judgment of dismissal. Thus it is clearly for the interest of Hildreth that the judgment dismissing the land from the action should stand, and he is directly interested in any question involving the right of the superior court to determine its ownership, as between him and the plaintiff, and it is very evident that this court cannot render a judgment that will have this effect unless Hildreth is before it.

Whether a party to the action is "adverse" to the appellant must be determined by their relative position on the record and

the averments in their pleadings, rather than from the manner in which they may manifest their wishes at the trial, or from any presumption to be drawn from their relation to each other, or to the subject-matter of the action in matters outside of the action. It would hardly be contended that the strength or relevancy of the argument of a party at the hearing in the court below could be conclusive for the purpose of determining whether he was in reality adverse, or in accord with the matter argued. If his position on the record makes him nominally adverse, he must be so considered for the purpose of an appeal from the judgment thereon. The fact that Hildreth made a motion to dismiss the motion of the other defendants did not take away the adverse character which he holds to the plaintiff, and his failure to object to the action of the court in denying that motion, as well as his failure to appeal from the judgment dismissing the lands from the action, indicates that he is satisfied with the action of the court, and does not wish to have its judgment disturbed.

2. Section 963 of the Code of Civil Procedure enumerates the orders from which an appeal can be taken, and when an appeal can be taken from an order, a subsequent order denying a motion to vacate that order is not appealable. (*Holmes* v. *McCleary*, 63 Cal. 497; *California S. R. R. Co.* v. *Southern Pacific R. R. Co.*, 65 Cal. 295; *Reay* v. *Butler*, 69 Cal. 572; *Tripp* v. *Santa Rosa St. R. R. Co.*, 69 Cal. 631; *Eureka & T. R. R. Co.* v. *McGrath*, 74 Cal. 49; *Larkin* v. *Larkin*, 76 Cal. 323; *Goyhinech* v. *Goyhinech*, 80 Cal. 409.) An exception to this rule is made when the original order was irregularly issued. (*People* v. *Grant*, 45 Cal. 97; *San Jose* v. *Fulton*, 45 Cal. 319.) If the original order was in itself not appealable, *a fortiori*, an order refusing to vacate it, is not appealable. (*Estate of Keane*, 56 Cal. 409.) As neither of the orders dismissing the action, denying leave to file an amended and supplemental complaint, and denying the motion to introduce certain evidence, is appealable under the provisions of section 963, it follows that the orders denying the plaintiff's motion to vacate those orders are not appealable.

3. Upon a motion to dismiss an appeal from an order, on the ground that it is not an appealable order, the order itself

must be examined, and if it is an order which was not authorized, it does not become appealable by reason of its purporting to do that which the court was not authorized to do. The provision of section 963 authorizing an appeal from an order denying a new trial is limited to those cases in which a new trial is authorized; and an appeal from an order denying a new trial in a matter wherein a new trial is not authorized, will be dismissed upon the ground that the court below had no jurisdiction to entertain the motion. A new trial is defined by section 656 of the Code of Civil Procedure to be "a re-examination of an issue of fact in the same court, after a trial and decision"; and this issue of fact is defined by section 590 of the Code of Civil Procedure to be that arising upon the pleadings. There is no authority in the code for the new trial of a motion, but if after the decision of the motion it is desired to present any new facts for the consideration of the court, the proper practice is to ask for leave to renew the motion. If it is desired to review the action of the court upon an appeal, it is sufficient to present the order in connection with a bill of exceptions containing the matter upon which the court based its action. A motion which does not ask for a decision upon an issue of fact that arises upon the pleadings is not the subject of a new trial, and it needs little reflection to see that if every motion which is made in the courts on a trial, or with reference to an action, could be followed by a motion for a new trial of such motion, the case itself would be inextricably involved in the determination of these motions, and the final judgment in the action indefinitely postponed.

It follows that inasmuch as the notice of appeal from the judgment was not served upon the defendant Hildreth, and as the orders appealed from are not appealable, the several appeals must be dismissed, and it is so ordered. _Remittitur_ stayed thirty days.

GAROUTTE, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.