LANCASTER et al. v. MAXWELL et al.[*]

No. 15,017; June 12, 1894.

37 Pac. 207.

**Appeal—Service of Notice.—Under Code of Civil Procedure,** section 940, providing that notice of appeal must be served on every "adverse party," an appeal (in an action by a subcontractor against the original contractor and the land owner to enforce a mechanic's lien) by the land owner from a judgment ordering the sale of the land (any deficiency to be docketed as a personal judgment against the contractor) will be dismissed where no notice thereof is served on the contractor.

APPEAL from Superior Court, City and County of San Francisco; Eugene R. Garber, Judge.

Action by J. R. Lancaster and others against Thomas Maxwell and C. B. Gregory. There was a judgment for plaintiffs, and defendant Gregory appeals. Dismissed.

Ash & Mathews for appellant; Wickliffe Matthews and A. D. Lemon for respondents.

McFARLAND, J.—This is an action to foreclose certain mechanics' liens. Defendant Gregory is the owner of the buildings involved and defendant Maxwell was the original contractor. Both defendants suffered default. The liens sued on grew out of labor and materials done for and furnished to the contractor, Maxwell. By the judgment it was decreed that the land, buildings, etc., of Gregory be sold, and the proceeds appropriated to the payment of the amounts found due upon the liens, and that if such proceeds should not be sufficient to pay all the liens "the deficiency thereof shall be docketed as a personal judgment against said defendant Thomas Maxwell." The defendant Gregory appeals from the judgment, and also from an order denying her motion to set aside her default, made upon the grounds of surprise, excusable neglect, etc. The notice of appeal was not directed to or served upon the codefendant, Maxwell, and, for that reason, respondents move to dismiss the appeal.

---

[*]For former opinion, see 103 Cal. 67, 36 Pac. 951.

The court did not abuse its discretion in refusing to set aside the default; and while we have looked through the transcript and briefs, and see no reason why the judgment should, under any view, be reversed, it is not necessary to discuss the other points suggested, because we think that the appeal should be dismissed. A notice of appeal must be served on every "adverse party": Code Civ. Proc., sec. 940. And adverse parties are those who are "interested in the judgment, and would be affected by its reversal": O'Kane v. Daly, 63 Cal. 319. "Every party whose interest in the subject matter of the appeal is adverse to, or will be affected by, the reversal or modification of the judgment or order from which the appeal has been taken, is, we think, an 'adverse party' within the meaning of these provisions of the code, irrespective of the question whether he appears upon the face of the record in the attitude of plaintiff or defendant or intervener": Senter v. De Bernal, 38 Cal. 637. And it is quite clear that in the case at bar the interest of Maxwell would be "affected by the reversal" of the judgment. Appellant seeks particularly a reversal of that part of the judgment which decrees her property to be sold to satisfy the liens, and it is apparent that such reversal would be adverse to the interest of Maxwell. The appeal is dismissed.

We concur: De Haven, J.; Fitzgerald, J.