[Sac. No. 150.    Department One.—March 6, 1896.]

H. BARNHART, RESPONDENT, v. R. L. EDWARDS, ADMINISTRATOR, ETC., ET AL., DEFENDANTS.

FORECLOSURE OF MORTGAGE—CLAIM AGAINST ESTATE OF DECEDENT—APPEAL OF GRANTEE—SERVICE OF NOTICE—FAILURE TO SERVE—ADMINISTRATOR—DISMISSAL.—Where the judgment in an action to foreclose a mortgage executed by a person since deceased, against whose estate a claim for the amount of the mortgage was presented to the administrator, directed a sale of the mortgaged premises, and provided for the payment of any deficiency by the administrator in the course of administration of the estate, a notice of appeal from the judgment by a grantee of the deceased mortgagor must be served upon the administrator, and upon failure of such service, the appeal from the judgment must be dismissed.

ID.—APPEAL FROM NEW TRIAL ORDER—PARTIES—JOINT NOTICE OF INTENTION—SEPARATE STATEMENT—PRESUMPTION—SERVICE OF NOTICE OF APPEAL.—Upon an appeal from an order denying a new trial, only the parties to the motion upon which the order was made are necessary parties to the appeal, and the appellant need not, in such case, serve a codefendant with a notice of appeal from such order, and when the administrator of the deceased mortgagor joined as codefendant with the grantee of the mortgagor in the notice of intention to move for a new trial, such administrator is not an adverse party to the appeal of the grantee from an order denying his motion, though the administrator did not join in the settlement of the statement upon which the appellant's motion was denied; but it will be presumed that the administrator is prosecuting a separate motion, which is undetermined.

MOTION to dismiss appeals from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial.   ANSEL SMITH, Judge.

The facts are stated in the opinion of the court.

*James A. Louttit, Paul Moef,* and *Minor & Ashley,* for the motion.

An adverse party is every party whose interest in the subject matter of the appeal is adverse to a reversal or modification of the judgment or order appealed from. (*Pacific Mut. Life Ins. Co.* v. *Fisher,* 106 Cal. 224; 109 Cal. 566; *Lancaster* v. *Maxwell,* 103 Cal. 67; *In re Castle Dome Min. etc. Co.,* 79 Cal. 249.)   If Davis' appeal prevails, it would deprive defendant Edwards of the right to subject the property in suit to the payment of the debts of his intestate, and would require him to litigate a matter again with the risk of a greater judgment being entered against him.   (*Harper* v. *Hildreth,* 99 Cal. 269.)   As the objection of respondent goes to the jurisdiction of the court to hear the appeal, respondent has the right to make it.   (*Millikin* v. *Houghton,* 75 Cal. 541; *Williams* v. *Santa Clara Min. Assn.,* 66 Cal. 194.)

*P. J. Hazen,* and *Nicol & Orr, contra.*

Parties not served with notice of motion for a new trial need not be served with notice of appeal from the order denying it.   (*Watson* v. *Sutro,* 77 Cal. 609; *Estate of Ryer,* 110 Cal. 556.)   The reversal of the judgment could not affect defendant Edwards, as appellant does not appeal from the judgment against him, and even if he did, his appeal would not affect such judgment. (*Merced Bank* v. *Rosenthal,* 99 Cal. 39; *Blanc* v. *Rogers,* 47 Cal. 606; *Randall* v. *Hunter,* 69 Cal. 80; *Jackson* v. *Brown,* 82 Cal. 275; *Hinkel* v. *Donohue,* 88 Cal. 597; *Brown* v. *Rouse,* 93 Cal. 237.)

HARRISON, J.—A motion is made to dismiss the appeal herein upon the ground that the notice of appeal was not served upon a codefendant of the appellant.

The motion is resisted by the appellant upon the ground that his codefendant is not an adverse party within the meaning of section 940 of the Code of Civil Procedure. The action was brought for the foreclosure of a mortgage given to the plaintiff by one E. C. Vancil, in the form of an absolute deed, but by way of security for the payment of certain claims and advances by the plaintiff. Prior to the commencement of the action Vancil died, and the defendant Edwards was appointed administrator of his estate. The plaintiff presented to the administrator a claim against the estate for the amount of money then due and unpaid for which the security had been given, which was rejected by the administrator, and thereupon the present action was brought to establish the amount of the claim, and for a sale of the mortgaged lands. Subsequent to the execution of the mortgage Vancil conveyed the mortgaged premises to the appellant, and for that reason he was made a party defendant. Issue was made upon the various allegations of the complaint, and the court found in favor of the plaintiff, and rendered its judgment directing a sale of the mortgaged property to satisfy the plaintiff's claim against the estate of Vancil, and providing that, if there should be any deficiency, it should be paid out of the estate in due course of administration. Both of the defendants gave notice of an intention to move for a new trial, but the statement of the case on which it was to be heard, and the assignment of errors therein, appear to have been prepared by the appellant alone, and the minute entry of the order thereon states that the motion of the " defendant " herein for a new trial was this day denied. The appeal from the judgment and from the order is by the defendant Davis alone. No service of the notice of appeal was made upon the administrator of Vancil's estate.

By the judgment appealed from the amount of the plaintiff's claim against the estate of Vancil has been determined to be seven thousand six hundred and sixty-eight dollars. The amount for which the plaintiff

presented his claim against the estate, and which he claims in his complaint, is thirty thousand four hundred and seventy-seven dollars. If the present judgment should be reversed, and upon another trial the plaintiff should establish the full amount of his claim, the estate of Vancil might be injuriously affected. If the mortgaged premises should sell for enough to satisfy the present judgment, the estate would not be called upon to pay any money to the plaintiff, whereas, if by another judgment the amount of the plaintiff's claim should be increased, the estate, by reason of its obligation to pay the deficiency of such judgment after the sale of the property, would be injuriously affected to whatever extent such deficiency might be increased by the increased amount found due to the plaintiff. It is evident, therefore, that the administrator of the estate should be notified of the appeal, before this court would have any jurisdiction to determine whether the judgment should be reversed. (*Pacific Mut. Life Ins. Co.* v. *Fisher*, 106 Cal. 224.)

As both of the defendants joined in the notice of intention to move for a new trial, stating therein the same grounds for their motion, it does not appear from the record that their interests upon that motion were adverse to each other. The record, however, fails to show that any statement of the case was prepared or settled on behalf of the administrator, and, as the order denying a new trial is by its terms limited to the motion therefor on behalf of the " defendant," we must assume that it was the defendant by whom the statement of the case found in the transcript was prepared, and that the motion on behalf of the administrator is still undetermined. Upon an appeal from an order denying a new trial, only the parties to the motion upon which the order was made are necessary parties to the appeal (*Estate of Ryer*, 110 Cal. 556), and, as only the plaintiff and the appellant are parties to the order appealed from herein, there was no occasion for the appellant to serve

his codefendant with the notice of appeal from that order.

The appeal from the judgment is dismissed, and the motion to dismiss the appeal from the order denying a new trial is denied.

GAROUTTE, J., and VAN FLEET, J., concurred.