[Sac. No. 385.   Department One.—November 21, 1898.]

GEORGE VINCENT, Respondent, v. W. J. COLLINS et al., Defendants.  H. J. KEYMER, Appellant.

JUDGMENT OF FORECLOSURE—SALE EN MASSE—APPEAL BY INSOLVENT MORTGAGOR—ASSIGNEE AN ADVERSE PARTY—SERVICE OF NOTICE—DISMISSAL. Upon an appeal taken by an insolvent mortgagor from a judgment of foreclosure, which ordered the whole of the mortgaged premises to be sold in one parcel, and the surplus proceeds to be paid to the assignee in insolvency, and from an order refusing to set aside the sale and to order the land resold in two parcels, the assignee in insolvency is an adverse party who must be served with the notice of appeal; and if he is not served therewith, the appeal must be dismissed.

APPEAL from a judgment of the Superior Court of Nevada County and from an order refusing to set aside a sale.  F. T. Nilon, Judge.

The facts are stated in the opinion.

C. W. Kitts, for Appellant.

Thomas B. Ford, for Respondent.

BELCHER, C.—This action was brought to foreclose a mortgage, executed by the defendant, H. J. Keymer, on lot 4, in block 12, of the city of Grass Valley, Nevada county.  The mortgage

was dated September 26, 1892, and the complaint was filed September 2, 1896, naming as defendants W. J. Collins, assignee of the estate of H. J. Keymer, an insolvent debtor, H. J. Keymer, Agnes Keymer and W. D. Harris. Due service of process was made on all of the defendants, but only H. J. Keymer, the mortgagor, appeared and answered, the defaults of the others being regularly entered.

The complaint alleges that on December 22, 1893, defendant H. J. Keymer filed his petition in insolvency and was adjudged to be an insolvent debtor, and that thereafter the defendant W. J. Collins was duly appointed assignee of said insolvent's estate and qualified as such, and that the clerk of the court duly conveyed and assigned to him all of the said estate.

The answer does not deny any of the averments of the complaint, but alleges that on December 20, 1893, said H. J. Keymer filed a declaration of homestead on a portion of the said mortgaged lot, setting out therein the facts required in such case, and "that the remainder of the said lot, with the improvements thereon, after taking out said homestead, is amply sufficient to satisfy plaintiff's claim."

The cause came on regularly for trial on November 7, 1896, and a decree of foreclosure was signed and filed on the eleventh day of that month. It appears from the recitals in the decree that findings were waived by the parties, and that there was due and owing to the plaintiff upon the said promissory note and for money expended under the terms of the said mortgage, including interest, attorney's fees and costs, the sum of fifteen hundred and seventeen dollars and three cents. It was adjudged that the whole of the mortgaged premises mentioned in the complaint be sold at public auction in the manner prescribed by law, by L. C. Garthe, a commissioner appointed by the court for that purpose, and that the said commissioner, out of the proceeds of the sale, retain his fees, disbursements, and commissions, and pay to the plaintiff, or his attorney, the amount found due him, with interest thereon from the date of the decree, or so much thereof as the said proceeds will pay. It was further adjudged "that it is necessary to sell the whole of said land in one parcel to satisfy the mortgage, and the whole of said land in one parcel is hereby ordered sold"; that "if more than the amount

necessary to satisfy the mortgage and costs is realized, the commissioner is directed to pay the same to W. J. Collins, assignee of H. J. Keymer, insolvent"; and "that the defendants, and all persons claiming, or to claim, from or under them . . . . be forever barred and foreclosed of and from all equity of redemption and claim of, in and to said mortgaged premises and every part or parcel thereof, from and after the delivery of said commissioner's deed."

In pursuance of the decree the commissioner, against the objections of said Keymer, sold the whole property in one parcel, and from the proceeds of the sale, after paying all expenses thereof and the amount due the plaintiff, he had left in his hands the sum of four hundred and forty-seven dollars.

Subsequently, Keymer moved the Court to set aside and declare void the said sale, upon the ground that the property sold consisted of two distinct parcels, and before the sale was well known by the plaintiff, defendant, and commissioner to so consist; that defendant Keymer, prior to the sale, demanded in writing of the commissioner that he sell the parcels separately, which he refused to do; and that said property being sold in one parcel prevented its bringing its full value.

At the hearing of the motion there were used and referred to, on behalf of the defendant, the judgment-roll, the notice of the motion, and the affidavit of H. J. Keymer; and on behalf of the plaintiff the counter-affidavits of George Vincent, L. A. Garthe and W. J. Collins.

After considering the matter the court denied the motion, and in due time thereafter defendant Keymer appealed from the judgment and the order denying his said motion.

Respondent moved to dismiss the appeals upon the ground that notice thereof was not served on the defendant W. J. Collins, or the other defendants, and this court therefore never acquired jurisdiction to hear the cause.

It appears that notice of the appeals was served only on the attorney for the plaintiff, and the question is, Was that service sufficient to give this court jurisdiction of the case?

The code (Code Civ. Proc., sec. 940), requires that "notices of an appeal shall be served on the adverse party"; and it is settled law that every party to an action, who has an interest in the

subject matter of the litigation and whose rights would or might
be affected by a reversal of the judgment or order appealed from,
is an adverse party, on whom service of the notice must be made.
In *Senter v. DeBernal*, 38 Cal. 640, it was said: "Every party
whose interest in the subject matter of the appeal is adverse to
or will be affected by the reversal or modification of the judg-
ment or order from which the appeal has been taken is, we think,
an 'adverse party' within the meaning of these provisions of the
code, irrespective of the question whether he appears upon the
face of the record in the attitude of plaintiff or defendant or in-
tervenor." In *Williams v. S. C. Min. Assn.*, 66 Cal. 195, it is
said: "This court has not jurisdiction to hear an appeal from a
judgment, unless the appellant shall have served a notice of ap-
peal on all the adverse parties; that is to say, upon all whose
rights may be affected by a reversal of the judgment; or, when
the appeal is from part of a judgment, by a reversal of the part
appealed from. And where the appeal is from the whole judg-
ment, this court has no jurisdiction to modify the judgment in
such a manner as shall affect the rights of the parties on whom
notice of appeal has not been served, as such rights have been
ascertained and fully determined by the judgment." (And see
*O'Kane v. Daly*, 63 Cal. 317; *Randall v. Hunter*, 69 Cal. 80;
*Millikin v. Houghton*, 75 Cal. 539; *In re Castle Dome Min. etc.
Co.*, 79 Cal. 246; *Harper v. Hildreth*, 99 Cal. 265; *Lancaster v.
Maxwell*, 103 Cal. 67; *Barnhart v. Edwards*, 111 Cal. 428.)

In view of the law, as declared in the cases above cited, we
think it must be held that defendant Collins was an "adverse
party," and that notice of the appeal should have been served
upon him. He was the assignee in insolvency of the appellant,
and as such the title to all the estate, real and personal, of the
insolvent debtor, not exempt from execution, was vested in him.
(Insolvent Act, 1880, sec. 17; *Poehlmann v. Kennedy*, 48 Cal.
201.) True, he held the property in trust for the benefit of the
creditors of the insolvent, but it was his duty to care for and look
after the property, and, if any was withheld from him, to sue in
his own name and recover possession of the same.

In this case there were left in the hands of the commissioner,
after paying the amount found due the plaintiff and all expenses
incident to the foreclosure, the sum of four hundred and forty-

seven dollars, which by the decree he was directed to pay to the said assignee. It is evident that if the judgment should be reversed or the sale set aside the rights of the assignee might be affected, as upon another sale there might be nothing left to be paid over to him for the benefit of creditors.

Upon this motion we cannot consider the question as to whether or not the decree was valid and binding until reversed, in so far as it directed the balance, if any, to be paid over to Collins, assignee.

As presented here, we think this court has no jurisdiction to consider and decide upon the merits of the case, and hence that the motion to dismiss the appeals should be granted.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the motion to dismiss the appeals is granted.

Harrison, J., Garoutte, J., Van Fleet, J.