[S. F. No. 1970.   Department One.—August 8, 1899.]

In the Matter of the Estate of THOMAS BELL, Deceased. THERESA BELL, Appellant.

ESTATES OF DECEASED PERSONS — ORDER CONFIRMING EXECUTOR'S SALE—APPEAL—FAILURE TO SERVE NOTICE UPON PURCHASER—DISMISSAL.—Upon appeal from an order confirming a sale by an executor, taken by an heir of the decedent, it is not sufficient to serve the notice of appeal upon the executor alone, but it must also be served upon the purchaser at the sale, who is an "adverse party," vested with a right to the property purchased upon the payment of the purchase money, and, for failure to make such service, the appeal may be dismissed, upon his motion, for want of jurisdiction to entertain it.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco confirming a sale by an executor.  J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

R. M. F. Soto and Noble Hamilton, for Appellant.

Sidney V. Smith, for Respondent.

THE COURT.—Motion to dismiss the appeal.  The superior court for San Francisco made an order in the above-entitled estate confirming a sale by the executor of certain personal property to H. M. A. Miller, and directing the executor to execute to him an assignment and transfer of the interest of the estate therein.  From this order Theresa Bell, one of the heirs of the deceased, has appealed, serving the notice of her appeal upon the executor alone.  A motion is now made on behalf of Miller to dismiss the appeal for want of the service of this notice upon him.

The interest of Miller in the confirmation of the sale was adverse to that of the heirs, and, as this interest is shown in the decree itself, it appears by the record that he was an "adverse party," and the notice of appeal should have been served upon him.  By the decree of confirmation he became vested with the right to the property purchased by him, upon the

payment of the purchase price, and by such payment he has become entitled to a transfer thereof from the estate of the decedent. As a reversal of the decree would deprive him of this right, it was essential that he should be brought before this court before it could have any jurisdiction to make such reversal, or to entertain the appeal. (See *Eckstein v. Calderwood*, 34 Cal. 658.)

The motion is granted.