[Civ. No. 336. First Appellate District.—March 12, 1907.]

GEORGE K. FORD, Respondent, v. W. M. CANNON et al., Defendants; FRANK FREEMAN et al., Appellants.

ORDER APPOINTING RECEIVER—APPEAL—FAILURE TO SERVE NOTICE UPON "ADVERSE PARTY"—DISMISSAL.—In an action by the plaintiff to enforce an agreement in relation to a trust fund in which plaintiff and defendants were beneficiaries, in which a receiver of the fund was appointed, upon appeal by part of the defendants from the order appointing the receiver, a codefendant, who was a party to the order, and whose interest in the fund will be affected by the reversal or modification of the order, is an "adverse party" who must be served with the notice of appeal, and for failure to serve him therewith the appeal must be dismissed.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco appointing a receiver. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

F. H. Gould, for Appellants.

Stanley Moore, L. A. Gibbons, and George K. Ford, for Respondent.

BURNETT, J.—The action is based upon an alleged trust agreement. By the complaint it appears that one of the defendants, Samuel C. Pierce, had a cause of action for damages against the Mountain Copper Company. He entered into an agreement with plaintiff, who is an attorney at law, whereby the latter was to furnish all the money necessary for the prosecution of said cause of action and also to act

as the attorney of the former in whatever proceeding was required, and it was agreed that Ford should receive for such services one-half of the amount recovered by suit, compromise or otherwise. Thereafter plaintiff entered into an agreement with Freeman, Cannon and one Charles L. Donohoe, whereby the last three were to perform said services and pay all the costs, and the four, after deducting the costs, were to share equally the amount received, to wit, one-half of what was recovered. It was further agreed that defendants, Freeman and Donohoe, should secure from Pierce a new contract in pursuance of said arrangement. Accordingly, Pierce and Freeman entered into a written contract whereby Freeman was to represent him in the litigation, advancing all the costs and receiving for his services one-half of what should be recovered. Freeman agreed with plaintiff and defendants Cannon and Donohoe, that he would receive said money in trust and the four would share it equally. Suit was brought on behalf of Pierce and he recovered the sum of $15,000. The judgment was assigned to Freeman, who received it in trust for the parties named— Ford, Cannon, Freeman and Donohoe. The money was afterward paid to Freeman and Donohoe, who hold the greater portion of it in trust for plaintiff and defendants. Defendants Freeman, Donohoe and Cannon each advanced certain costs and expenses in said action. Plaintiff demanded of them that they account to plaintiff for the moneys they and each of them received and paid out, but they refused to do so. There is also an allegation of the insolvency of Freeman and Donohoe. Plaintiff made application to have a receiver appointed "to take charge of the money or fund in the complaint in said cause described, during the pendency of this action . . . on the ground that the money or fund described in the complaint herein is liable to be lost, removed or materially injured." The application was heard upon the verified complaint and the affidavit of defendant Donohoe denying all the material allegations of the complaint. Defendant Cannon appeared upon the hearing of said motion and also requested the appointment of a receiver. It was contested by the other defendants, who have appealed from an order which was made appointing a receiver.

Cannon has moved to dismiss the appeal on the ground that no service was made upon him of the notice of appeal, of

the transcript or of the appellants' points and authorities. It is admitted that he was not served, but it is claimed that he is not "an adverse party" within the meaning of section 940, Code of Civil Procedure, which provides that the notice of the appeal must be served "on the adverse party or his attorney." There can be no doubt·that Cannon was a party to the proceeding. He was expressly made a defendant in the action and the notice of the motion for the appointment of a receiver was addressed to all the defendants and he appeared and participated in the hearing. It must be manifest that he is a party in the legal sense, which means that he has been made and become such in a mode prescribed by law, so that he is bound by the proceedings. (*Robinson* v. *Vanderberg Co.,* 37 Ind. 335; *Baskett* v. *Hassell,* 107 U. S. 608, [2 Sup. Ct. Rep. 415].) Whether he is an "adverse" party must be determined by an examination of the complaint and the proceedings culminating in the appointment of the receiver. "Whether a party to the action is adverse to the appellant must be determined by their relative positions on the record and the averments in their pleadings, rather than from the manner in which they may manifest their wishes at the trial, or from any presumption to be drawn from their relation to each other or to the subject matter of the action in matters outside of ·the action." (*Harper* v. *Hildreth,* 99 Cal. 268, [33 Pac. 1103].) As to the meaning of the term "adverse" used in this connection there can be little doubt. In *Senter* v. *De Bernal,* 38 Cal. 640, it was declared:

"Every party whose interest in the subject matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken, is, we think, an 'adverse party' within the meaning of these provisions of the code, irrespective of the question whether he appears upon· the face of the record in the attitude of *plaintiff* or *defendant* or *intervener.* . . . Our code allows any and every party who is aggrieved to appeal without joining anyone else, no matter what may be the character of the judgment against him, whether joint or several; and, in this respect, works a change from the former practice, but he is required to notify all other parties who are interested in opposing the relief which he seeks by his appeal, if they have formally appeared in the action in.

the court below, or his appeal, as to those not served, will prove ineffectual, and also as to those served, if the relief sought is of such a character that it cannot be granted as to the latter without being granted as to the former also.''

To the same effect are *Randall* v. *Hunter*, 69 Cal. 80, [10 Pac. 130]; *Milliken* v. *Houghton*, 75 Cal. 539, [17 Pac. 641]; *In re Castle Dome Min. etc. Co.*, 79 Cal. 246, [21 Pac. 746]; *Lancaster* v. *Maxwell*, 103 Cal. 67, [36 Pac. 951]; *Barnhardt* v. *Edwards*, 111 Cal. 428, [44 Pac. 160]; *Vincent* v. *Collins*, 122 Cal. 387, [55 Pac. 129].

The appointment of a receiver is a matter in which defendant Cannon was interested equally with plaintiff. He was one of the beneficiaries of the trust fund which the receiver was authorized and directed to take into his possession and control. The reversal of the order appointing the receiver would affect his interest in the same manner as it would that of plaintiff. If Cannon is not an adverse party, there is no adverse party shown by the record. It seems to me, in view of the decisions, that the question is scarcely open to serious controversy.

There is no doubt that the matter is jurisdictional, and while it is not clear that it was a proper case for the appointment of a receiver, we are precluded from considering that question in this proceeding.

The appeal is dismissed.

Cooper, P. J., and Kerrigan, J., concurred.