[L. A. No. 7861. In Bank.—December 5, 1923.]

In the Matter of the ESTATE OF VALENTINE KRATZ, Deceased. H. M. KEEGAN, etc., Appellant, v. J. C. CRAIG, Executor, etc., Respondent.

[1] BILL OF EXCEPTIONS—AMENDMENT OF 1911 TO SECTION 650, CODE OF CIVIL PROCEDURE—APPEAL FROM ORDER CONFIRMING SALE OF REAL ESTATE—SERVICE OF BILL UPON PURCHASER.—Prior to the amendment of section 650 of the Code of Civil Procedure in 1911, providing that "No bill of exceptions, notice of appeal, or notice or paper, other than amendments to the pleadings or an amended pleading, need be served upon any party whose default has been duly entered, or who has not appeared in the action or proceed-

ing," a proposed bill of exceptions had to be served upon the purchaser of real estate belonging to the estate of a decedent in order to lay the foundation for an appeal from the order confirming the sale to him.

[2] APPEARANCE—ESTATES OF DECEASED PERSONS.—The provisions of section 1014 of the Code of Civil Procedure defining the method of making an appearance in court apply to probate matters.

[3] BILL OF EXCEPTIONS — ESTATES OF DECEASED PERSONS — APPEARANCE—SERVICE.—Where a purchaser of real estate belonging to the estate of a decedent did not conform with the requirements of section 1014 of the Code of Civil Procedure nor appear within the meaning of that section, under the express provisions of section 650 of the Code of Civil Procedure, as amended in 1911, it was unnecessary to serve him with a copy of the proposed bill of exceptions on an appeal from an order confirming the sale of the real estate to him.

MOTION for an affirmance of an order appealed from confirming sale of real estate belonging to estate of deceased person.   Motion denied.

The facts are stated in the opinion of the court.

Nathan Newby for Appellant.

G. P. Adams, W. W. Orme and Neuner, Miller & McComas for Respondent.

WILBUR, C. J.—This is an appeal from an order confirming the sale of the real estate of the decedent to Martin C. Neuner, purchaser.  The purchaser moves for an affirmance of the order confirming the sale upon the ground that appellant's proposed bill of exceptions was not served upon him as required by the provisions of section 650 of the Code of Civil Procedure and therefore claims that there is no record upon which the appellant can present his appeal and consequently that the order must be affirmed.  The purchaser's contention is based upon the proposition that the purchaser of the real estate to whom the sale is confirmed by the order appealed from is an adverse party to the appellant.   It was held by this court in *Estate of Bell,* 125 Cal. 539 [58 Pac. 153], that the purchaser to whom a sale of real estate was confirmed by the order appealed from was an adverse party required to be served with a notice of appeal. In the *Estate of Young,* 149 Cal. 173 [85 Pac. 145], it was

held that where the bill of exceptions proposed by an appellant was not served upon an adverse party, and where the points relied upon for reversal were shown only by such bill of exceptions that the judgment should be affirmed upon motion of such adverse party.

Upon the authority of these cases and the decisions therein cited it follows that the judgment should be affirmed, unless by reason of the amendment to section 650 of the Code of Civil Procedure, adopted subsequent to those decisions, and called to our attention by the appellant, the rule in this state upon that subject is changed.

Section 650 of the Code of Civil Procedure was amended in 1911 (Stats. 1911, p. 400) by the addition of the concluding paragraph. As it now stands, this paragraph reads as follows: "No bill of exceptions, notice of appeal, or notice or paper, other than amendments to the pleadings or an amended pleading, need be served upon any party whose default has been duly entered, or who has not appeared in the action or proceeding." (Stats. 1915, p. 207.)

The appellant claims that this amendment was adopted for the purpose of setting at rest the question as to who was to be served in the preparation of a bill of exceptions and that therefore no adverse party who had not formally appeared in the action need be served with the proposed bill of exceptions, notwithstanding the fact that section 650 still requires that the proposed bill of exceptions be served "upon the adverse party."

Appellant also contends that the cases of *Elliott* v. *Superior Court,* 144 Cal. 501, 508 [103 Am. St. Rep. 102, 77 Pac. 1109], *Estate of Carpenter,* 146 Cal. 661 [80 Pac. 1072], *Estate of Young,* 149 Cal. 173, 176 [85 Pac. 145], and *Ford* v. *Cannon,* 5 Cal. App. 185, 187 [89 Pac. 1071], established the proposition, even before the amendment to section 650 of the Code of Civil Procedure, that unless the purchaser had appeared and made himself a party by such appearance, that the bill of exceptions need not be served upon him. In *Estate of Bell, supra,* however, it was held that where the interest of the purchaser appeared by the decree itself, he was an adverse party upon whom the notice of appeal should have been served. If he was an adverse party within the meaning of the code section requiring the notice of appeal to be served upon him, the same rule would

require the service of the proposed bill of exceptions upon him, although the code section with reference to notice of appeal has been amended, so that it no longer has to be served upon adverse parties.  [1]  Under this decision it is clear, we think, that prior to the amendment of section 650 of the Code of Civil Procedure, in 1911, that the proposed bill of exceptions, notwithstanding the authorities cited, would have to be served upon the purchaser in order to lay the foundation for an appeal from the order confirming the sale to him.  The question then is whether or not the mere fact that the name of the purchaser appears in the order appealed from and that he would be injuriously affected by a reversal of the order, and that he was present with an attorney at the hearing for a confirmation of sale to him is a sufficient appearance of the purchaser within the meaning of the section as now amended.  [2]  The method of making an appearance in court is fixed by statute.  Section 1014 of the Code of Civil Procedure defines the method of making an appearance in court and these rules apply to probate matters.  (Sec. 1713, Code Civ. Proc.)  In *Vrooman* v. *Li Po Tai,* 113 Cal. 302, 305 [45 Pac. 470], it was said: "A defendant appears in an action when he answers, demurs, or gives written notice of his appearance, or when an attorney gives notice of an appearance for him, and he can appear in no other way.  This statute was intended to settle all disputes upon the subject.  There can be no chance for argument about equivocal acts. . . . There was no need of a statute to tell us that the acts specified would constitute appearance.  The occasion for a rule was to dispose of questions upon which there might be dispute.  There was no such appearance in this case."'  (See, also, *Davenport* v. *Superior Court,* 183 Cal. 506 [191 Pac. 911].)

[3]  There is no contention in this case that the purchaser conformed with the requirements of section 1014 of the Code of Civil Procedure, with reference to an appearance, or that he appeared within the meaning of that section.  It follows that under the express provisions of section 650 of the Code of Civil Procedure, as amended in 1911, that it was unnecessary to serve him with a copy of the proposed bill of exceptions.  If he desired to have the proposed bill of exceptions served upon him in the event of an appeal, he

could have secured that privilege by filing a written appearance in the case.

Motion denied.

Myers, J., Kerrigan, J., Lawlor, J., Seawell, J., and Lennon, J., concurred.