Ninlliat, Plaintiff and Appellee, *v.* Suriñach et al., Defendants and Appellants.

Appeal from the District Court of Mayagüez in an Action for Rescission.

Motion of Appellee for Dismissal of the Appeal.

No._____.—Decided July 10, 1917.

Rescissory Action — Parties — Minors — Legal Representative — Appeal — Notice of Appeal.—When a father is not a defendant in an action in his own right but as the legal representative of his minor children who are defendants, an appeal brought by an attorney in the name of the children should be considered as brought by the father as such representative, inasmuch as his children cannot act for themselves on account of their minority; therefore it is not necessary to serve notice of the appeal on the father independently as if he had a personal interest in the appeal.

Id.—Id.—Appeal—Notice of Appeal—Default.—According to section 296 of the Code of Civil Procedure, it is necessary to serve notice of an appeal on the party who may be prejudiced or affected by the judgment to be rendered on appeal, and the fact that said party may be in default does not avoid the duty of giving him such notice.

Id.—Id.—Id.—Adverse Parties.—It being alleged in the complaint in this case that the predecessor in title of the defendants who were not notified of the appeal sold to the plaintiff the property which the other defendants, now appellants, later levied on and sold as if it were the property of said predecessor in title, the judgment which may be rendered in this appeal in no way affects the heirs of the latter because if judgment is rendered reversing the judgment which rescinded the sale made to the appellants, the property

would remain in their possession and the ·former defendants would lose nothing by the reversal of the judgment which gave them nothing nor took anything from them, therefore they are not adverse parties to the appeal.

The facts are stated in the opinion.

*Messrs. Horton & Arroyo* for the appellants.

*Messrs. José Sabater* and *Abraham Peña* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellee, Luis Ninlliat, has moved this court to dismiss the appeal taken by the defendants in this action, on the following grounds:

1. That no notice of the appeal raised by the minor children of Camilo Suriñach was given to defendants Francisca Arán and Consuelo Arán who compose the Succession of Luis Arán, who are in default and who have not appealed from the judgment.

2. That neither was notice of the appeal given to Camilo Suriñach, the father of the minor defendants.

The motion was opposed by the appellants.

From the papers filed by the parties in support of their respective claims with regard to the dismissal of the appeal, it appears that Luis Ninlliat y Ninlliat brought an action in the District Court of Mayagüez against various minors named Suriñach Rivera, represented by their father, Camilo Suriñach, and against the Succession of Luis Arán Lancy, composed of his widow, Francisca Arán, and his daughter, Consuelo Arán; that in the caption of the amended complaint forming the basis of the trial it is stated that it is a rescissory action and the complaint alleges in substance that the plaintiff had purchased a certain property of Luis Arán Lancy, but not having recorded his title in the registry of property of the district, it was levied on by the Suriñach ·minors as belonging to the Succession of Luis Arán Lancy and sold to them at the forced sale, their father, Camilo Suriñach, knowing that it belonged to the plaintiff. As to Francisca and Consuelo Arán, it was alleged that they are bound to place the property at the free disposal of the plaintiff

and to do what may be necessary to the end that the sale of the property by their predecessor in interest may be recorded in the registry of property. It also appears from the papers that on December 24, 1913, the original complaint was served on Francisca and Consuelo Arán personally and that on September 19, 1916, their default was entered; that the defendants, represented by their father, Camilo Suriñach, answered the complaint; that the amended complaint was not served on the Arán defendants; that judgment having been rendered setting aside the sale made by the marshal to the defendants and ordering the cancellation of its record in the registry, with the costs and other expenses against the defendants who appeared, the minor children of Camilo Suriñach, by their attorneys, appealed from that judgment and notice of the appeal was given to the plaintiff only.

Beginning with the second ground of the motion to dismiss, we will say that although Camilo Suriñach appears as a defendant in the action, it was as the legal representative of his minor children, the defendants, and not in his own right; therefore the appeal taken by the attorneys in the name of the minor children must be regarded as taken by the father in his character as their representative, inasmuch as his children, on account of their minority, could not appear for themselves in court. Hence there was no need to give Carmilo Suriñach separate notice of the appeal as though he had a personal interest therein when, in fact, he had not.

Is failure to give notice of the appeal to the defendants in default a reason for dismissing this appeal? That is the question involved in the first ground of the motion.

Section 296 of the Code of Civil Procedure provides that an appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney.

In commenting on the said section in the case of *Candelas* v. *Ramírez et al.*, 20 P. R. R. 31, we said that for the purposes of an appeal the term "adverse party" does not include all persons who have been parties to the suit in the court *a quo*, but only those who would be affected by a reversal or modification of the judgment appealed from, which doctrine was cited in the cases of *Martínez* v. *Succession of Laurido*, 21 P. R. R. 29, and *Galafar* v. *Succession of Morales*, 22 P. R. R. 458.

Under our statutes it is necessary therefore to serve notice of the appeal on the party who may be prejudiced or affected by the judgment which may be rendered on appeal, and the fact that the said party is in default does not modify the duty to serve the notice. Section 296 draws no distinction between parties appearing and parties in default, but simply directs that the adverse party, or the party who may be prejudiced by the appeal, shall be notified, and the law must be complied with. In the concurring opinion of Mr. Justice Wolf in the case of *Chiqués* v. *Polo*, 17 P. R. R. 86, he said that notice of the appeal should be given to the defendant in default. In the case of *Martínez* v. *Succession of Laurido*, *supra*, this court unanimously held that notice of the appeal should be served on the defendants in default who might be affected by a reversal or modification of the judgment appealed from, and the same was held in the case of *Galafar* v. *Succession of Morales*, *supra*. In the case of *Nieves* v. *Müllenhoff*, 22 P. R. R. 493, the appeal was dismissed for failure to serve notice on a defendant summoned by publication and in the cases of *Succession of Igaravídez* v. *Rubert Brothers*, 23 P. R. R. 272, and *Aponte* v. *Freiría*, 19 P. R. R. 1104, the appeals were not dismissed because the defendants in default, who had not been given notice of the appeal, were not adverse parties therein as they could not be prejudiced by our judgment. California has the same provision as that of section 296 which we are considering and in the cases of *Senter* v. *De Bernal*, 38 Cal. 637; *O'Kane* v. *Daly*, 63 Cal.

318, and *Lancaster* v. *Maxwell,* 103 Cal. 67, appeals were also dismissed for failure to notify the defendants in default.

Having established the foregoing, let us see whether Francisca and Consuelo Arán, defaulting parties who were not notified of the appeal, are adverse parties.

From our summary of the complaint the conclusion is reached that the said defendants are not adverse parties in this appeal, because it being alleged in the complaint that their predecessor in interest sold to the plaintiff the property which the Suriñach minors subsequently levied on and sold as the property of Luis Arán, the judgment which may be rendered on appeal can in no way affect the heirs of the latter; for if we reverse the judgment setting aside the sale made to the Suriñach minors, the property would remain in their possession and the heirs of Arán would lose nothing by the reversal of the judgment, which gave them nothing and took nothing from them.

For the foregoing reasons the motion to dismiss must be

*Overruled.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.