[No. 11237. Department Two. — March 12, 1886.]

A. W. RANDALL, RESPONDENT, *v.* W. S. HUNTER ET AL. W. S. HUNTER, APPELLANT.

APPEAL — NOTICE OF — SERVICE ON DEFENDANT NOT APPEALING. — Where one of several defendants appeals from a judgment or order rendered against them all, the defendants not appealing are adverse parties within the meaning of section 940 of the Code of Civil Procedure, and should be served with the notice of appeal, if the reversal or modification of the judgment or order appealed from would affect their interests in the subject-matter of the appeal.

ID. — ACTION AGAINST PARTNERS — DEFAULT OF ONE DEFENDANT. — The action was brought on a promissory note alleged to have been executed by the

defendants as partners. One of the defendants made default, and a trial being had as to the other, a verdict was rendered against him. Judgment was thereupon entered against both of the defendants, from which, and from an order denying him a new trial, the defendant against whom the trial was had appealed. *Held*, that the defendant who made default was not an adverse party, and that the notice of appeal was not required to be served on him.

·APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

Motion to dismiss appeal. The facts are stated in the opinion of the court.

*J. D. H. Chamberlin*, for Appellant.

*J. J. De Haven*, and *S. M. Buck*, for Respondent.

THORNTON, J.—Motion to dismiss appeals.

Randall sued Hunter and Gill as partners, on a promissory note signed "Gill and Hunter." Gill made no defense, and judgment passed against him by default. Hunter answered and denied the execution of the note by Gill and Hunter as partners, and further alleged that the note was executed to plaintiff by Gill without the knowledge or consent of Hunter; that it was not executed for the use and benefit of the firm of Gill & Hunter, but for the individual use and benefit of Gill alone; that the whole consideration for the note passed to the sole use of Gill, and none of it to the firm; that when plaintiff received this note on its execution and paid to Gill the consideration therefor, he knew all the foregoing facts, and further knew that the firm was not to receive and did not receive any portion of the consideration for said note.

On this answer, trial was had, which resulted in a verdict against Hunter, and judgment was entered against both defendants,—against Gill on his default, and against Hunter on the verdict.

LXIX. CAL.—6

Hunter moved for a new trial, which was denied. He then appealed from the judgment and from the order denying his motion for a new trial. The notice of appeal was not served on Gill, but on plaintiff only.

Plaintiff now moves to dismiss the appeals, on the ground of the failure of Hunter to serve the notice of appeal on his co-defendant, Gill.

By the provisions of the statute, the notice required to take an appeal must be served on the "adverse party." (Code Civ. Proc., sec. 940.)

If the reversal or modification of the judgment or order appealed from will affect the interest of Gill in the subject-matter of the appeal, he would be an adverse party within the meaning of the section above cited. (*Senter* v. *Bernal,* 38 Cal. 637; *Thompson* v. *Ellsworth,* 1 Barb. Ch. 627; *Williams* v. *Santa Clara M. Co. etc.,* 66 Cal. 193.)

Now, it appears here that Gill has not appealed, and the judgment appealed from was rendered against him by default. If the judgment as to Hunter is reversed, it would still stand unreversed as to Gill, and therefore he would not be affected by a reversal. If the judgment is affirmed, the judgment appealed from would remain unchanged, and manifestly Gill's interest would not be affected by the judgment of affirmance.

Whatever modification might be made of the judgment rendered by the court below, or whatever judgment might be here rendered, the judgment by default would still remain against Gill.

It is said that if the judgment is reversed another trial might result in a several judgment against Gill, whereas the judgment against him is now a joint judgment,—one against him and Hunter,—and that he is interested in preserving the joint judgment against him and preventing a several judgment as to him.

But his default admits that he is bound severally as well as jointly. If on the trial which has taken place a

verdict had passed in Hunter's favor, a judgment by default might have been entered against him (Gill) severally. A reversal of the judgment appealed from would not do away with this default. It would only affect the judgment as to Hunter. As long as the default stands, whatever judgment is rendered here would not affect the judgment against Gill. In this view we do not think Gill was an adverse party upon whom the notice of appeal should have been served.

What is said above applies to the appeal from the order as well as from the judgment.

It follows from what has been said herein that the motion must be denied, and it is so ordered.

McKEE, J., and SHARPSTEIN, J., concurred.