(December 12, 1895.)

# AULBACH v. DAHLER.

[43 Pac. 192.]

ADVERSE PARTY—SECTION 4808 OF THE REVISED STATUTES CON-
STRUED.—By the words "adverse party," as used in section 4808
of the Revised Statutes, is meant every party whose interest in
the subject matter of the appeal will be affected by a modifica-
tion or reversal of the judgment or order appealed from, irre-
spective of whether he be a plaintiff or defendant or intervener.

NOTICE OF APPEAL—SERVICE OF.—The codefendants of appellant in
this action are not adverse parties on whom notice of appeal must
be served, as the judgments rendered against them can in no
wise be affected by a modification or reversal of the judgment
against appellant.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County, on a re-
hearing of the motion to dismiss the appeal.

Charles W. O'Neil, for Appellant.

"The rule that a party coming into court asserting one cause
of action cannot recover on another and different one is . . . .
essential to the orderly administration of justice and the pro-
tection of the rights of litigants. Lawyers could not safely
advise their clients, and parties would frequently be misled if
any other rule was admitted." (*Reed v. McConnell,* 133 N. Y.
425, 31 N. E. 22; 2 Wait's Practice, 285-289; Stephen's Plead-
ing, 251-255 , 262, 263; Bliss on Code Pleading, secs. 149, 150.)
"Every pleading must proceed upon some definite theory, and
a party must stand or fall upon the theory of his case, as he
presents it in his pleading." (*Armacost v. Lindley,* 116 Ind.
295, 19 N. E. 138.)   If the complaint is to be considered as
one counting upon the liability of a stockholder under section
2609 of the Revised Statutes, still I submit that the judgment
against Dahler should be modified by reducing it by one-half
of the amounts due from the bank upon the various certificates
of deposits and drafts issued prior to October 23, 1893, the date
of the filing of the original complaint.   The liability of the

stockholder is not that of the corporation; it is an individual liability created by the statute. He is not a party to an instrument of indebtedness executed by a corporation, and is not liable thereon, but is liable only by force of the statute, and to the extent limited by it. (*Winona Wagon Co. v. Bull,* 108 Cal. 1, 40 Pac. 1077; *Bank of San Luis Obispo v. Steamship Co.,* 103 Cal. 594, 37 Pac. 499; *Hunt v. Ward,* 99 Cal. 612, 37 Am. St. Rep. 87, 34 Pac. 335; *Redington v. Cornwell,* 90 Cal. 49, 27 Pac. 40, 44; *Hyman v. Coleman,* 82 Cal. 650, 16 Am. St. Rep. 178, 23 Pac. 62; *Moore v. Boyd,* 74 Cal. 167, 15 Pac. 670; *Green v. Beckman,* 59 Cal. 545.) A general demurrer was filed that the complaint did not state facts sufficient to constitute a cause of action. This may be taken advantage of at any time during the action, and may even be objected to for the first time in the supreme court, and is never waived. (*Miller v. Pine Min. Co.,* 3 Idaho, 493, 35 Am. St. Rep. 289, 31 Pac. 803; *Greathouse v. Heed,* 1 Idaho, 482; Idaho Rev. Stats., sec. 4178.)

W. B. Heyburn and E. M. Heyburn, for Respondent.

The notice of appeal was not served upon either Charles Hussey or the Bank of Murray. That these parties would be affected by any order of the appellate court is apparent upon the face of the proceedings. The amount for which either of them would be liable in this action would be determined by the amount of liability which Mr. Dahler, the appellant, would have to assume. They should, therefore, have been served with notice of appeal or a legal reason shown for not serving them. (*Coffin v. Edgington,* 2 Idaho, 627, 23 Pac. 80; *Jones v. Quantrell,* 2 Idaho, 153, 9 Pac. 418.) Double pleading, or duplicity in pleading in a declaration (or complaint) consists in joining in one and the same count, different grounds of action, of different natures, or of the same nature to enforce only a single right of recovery. This is a fault in pleading, only because it tends to perplexity and confusion, and is, therefore, only a fault in form. (1 Saunders on Pleading, 58, note 1; Stephen's Pleading, 266; Coke on Littleton, 304.) The rule as to duplicity in pleading in answer or plea differs from the rule as applied to complaints. (See Bouvier's Law Dictionary,

453.) We have no contention with counsel on his legal propositions, as to the rules of pleading, so far as the general statements are concerned, but he loses sight of the fact that our legislature has so far modified the rules of common-law pleading as to leave the pleadings largely within the discretion of the trial judge. (Idaho Rev. Stats., secs. 4225-4227; 1 Estee's Pleadings, secs. 191, 205; *Stoddard v. Threadwell,* 26 Cal. 294.) Under our statute regulating the manner in which transfers of stock are to be made, no court, would allow any proof on this question except that which appears on the books of the company, which were in evidence on the trial. (Idaho Rev. Stats., sec. 2611.) Whenever it appears that a party has been misled, the court may order the pleadings to be amended upon such terms as may be just. The defendant should have advised the trial court when he discovered that he had been misled, and the court would thereupon have ordered the pleadings amended. If the defendant did not so advise the court, then it was a waiver on his part of the right to compel an amendment, and an admission that the variance was not material, and the court, under section 4226 of the Revised Statutes, is authorized to direct the fact to be found according to the evidence which is what the court did in the case at bar. (Estee's Pleadings, sec. 205; *Boyce v. California. Stage Co.,* 25 Cal. 471; *Bell v. Knowles,* 45 Cal. 193.)

SULLIVAN, J.—This is an action brought by Adam Aulbach against the Bank of Murray, a corporation organized under the laws of this state, Charles L. Dahler, and Charles Hussey. The complaint shows that said Dahler was the president of said bank, and owned two hundred and fifty shares of the capital stock of said bank, and that Charles Hussey was secretary of said corporation, and owned two hundred and forty-seven shares of said stock, that the total capital stock of said corporation consisted of five hundred shares, of the par value of $100 each. Summons was served by publication, and defendant Dahler appeared and demurred and answered. Default was entered against the bank and Hussey for want of answer. The case was tried by the court with a jury, and a verdict was returned as follows, to wit: "We, the jury in the above-

entitled case, find for the plaintiff, and against the defendant, the Bank of Murray, for the sum of $2,995.59, and for costs of suit, and find that defendant, Charles L. Dahler, was the owner of two hundred and fifty shares, which was one-half of the capital stock of the Bank of Murray, and that Charles Hussey was the owner of two hundred and forty-nine shares of said stock, which was one share less than one-half thereof, and find against said defendants, Dahler and Hussey, for the proportion of said sum of $2,995.59 which the number of shares held by each of them bears to the whole capital stock of the corporation, which we find to be five hundred shares.  George D. Potter, Foreman. Filed July 27, 1894." Thereupon the court entered a several judgment against the defendants as follows: Against the Bank of Murray for $2,995.59; against Charles L. Dahler for $1,-497.70; against Charles Hussey for $1,491.80. This appeal is from the judgment made and entered against appellant, Dahler, and order overruling his motion for a new trial. On motion of respondent, the appeal was dismissed, on the authority of *Jones v. Quantrell,* 2 Idaho, 153, 9 Pac. 418, and *Coffin v. Edgington,* 2 Idaho, 627, 23 Pac. 80, on the point of failure to serve notice of appeal on the defendants, the bank and Hussey. This is a petition for rehearing of the motion to dismiss the appeal. The petition is based on two grounds: 1. The defendants, the Bank of Murray and Hussey, are not "adverse parties," within the meaning of those words as used in section 4808 of the Revised Statutes, and are not entitled to service of notice of appeal; 2. On the ground that his said codefendants did not appear in the court below, and judgment went against them by default.

The judgment being served, and for different amounts, against each defendant, defendants, the Bank of Murray and Charles Hussey, are not "adverse parties," within meaning of the words "adverse party" as used in section 4808 of the Revised Statutes, because they have no interest in conflict with the reversal of the judgment against Dahler. (Hayne on New Trial and Appeal, sec. 210.) As the modification or reversal of the judgment against the appellant could not affect the liability of his codefendants upon the judgment rendered against them, notice of appeal need not be served on them. (*Randall v. Hunter,* 69 Cal. 80, 10 Pac. 130; *Hinckel v. Donohue,* 88 Cal.

597, 26 Pac. 374.)  A reversal of the judgment appealed from would leave appellant's codefendants *in statu quo*.  Therefore,. this appeal can in no way affect their rights, and for that rea-- son they are not entitled to be served with the notice of appeal.. (See *Foley v. Bullard,* 97 Cal. 516, 32 Pac. 574.)

The defendants, the Bank of Murray and Charles Hussey,. failed to appear and answer, and judgment was entered against them by default.  As service of summons was made by publi- cation, a personal judgment entered against them would be absolutely void.  If that be true, they are not entitled to service of notice of appeal, as the reversal of the judgment against ap- pellant could not affect them.  If the judgments entered by default against the bank and Hussey be valid, said defendants. are not entitled to service of the notice of appeal as adverse par- ties, or at all, for the reason that they have admitted, by their default, the allegations of the complaint.  In *Boob v. Hall,* 107 Cal. 160, 40 Pac. 117, the supreme court of California, under a statute identical with ours, holds that it is not necessary,. where one defendant appeals, to serve notice of appeal on other defendants, when, by default, they have admitted the averments of the complaint.  (See, also, *Randall v. Hunter,* 69 Cal. 80,. 10 Pac. 130; *Essency v. Essency,* 10 Wash. 375, 38 Pac. 1130; *Seattle etc. Ry. Co. v. Johnson,* 7 Wash. 97, 34 Pac. 567.)  A rehearing should be granted and it is so ordered.

Morgan, C. J., and Huston, J., concur.