GALVESTON, H. & N. RY. CO. v. HOUSE et al.

(Circuit Court of Appeals, Fifth Circuit. May 15, 1900.)

No. 900.

1. APPEAL—NECESSARY PARTIES—PARTIES HAVING NO SUBSTANTIAL INTEREST.
    A railroad company which is hopelessly insolvent, and practically defunct, and all of whose property, rights, and franchises have been transferred to a purchaser at foreclosure sale, is not a necessary party to an appeal by such purchaser from a decree distributing the proceeds of the sale.

2. SAME—REPRESENTATION BY RECEIVER.
    Holders of receiver's certificates, among whom the proceeds of a railroad sold under foreclosure have been distributed, are sufficiently represented by the receiver on an appeal by another creditor from the decree making such distribution, and compliance by the appellant with an order requiring citation on the appeal to be served on all the distributees who had counsel of record, or to whom the receiver was indebted in any considerable sum, is sufficient to sustain the appeal.

3. SAME—PERSONS NOT PARTIES TO RECORD.
     Persons who may be interested in a decree, but who are not parties to the suit, are not necessary parties to an appeal from such decree.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

Walter Gresham and D. F. Rowe, for appellant.

F. C. Dillard, J. W. Terry, and T. W. Ford, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge. A motion has been submitted to dismiss this appeal for the following reasons: (1) The appeal was not seasonably perfected, because it was allowed by the court on the 28th day of November, 1899, assignment of errors having been previously filed on the 25th day of November, 1899, but appeal bond was not approved until the 12th day of December, 1899, and citation signed on this same day, which was returnable in 30 days, and the record was not filed in this court until January 19, 1900. (2) There are a large number of parties whose interests are sought to be affected by this appeal as to whom no summons or severance has been made or sought, who have not been cited herein, and upon whom no service of citation has been sought, and who have not waived such service. (3) The Galveston, Laporte & Houston Railway Company, the defendant in the suit, and the mortgagor in the mortgages which were foreclosed in the final decree, has not been cited herein, nor is it in any way made a party to the appeal bond.

The main suit was originally commenced by A. J. Tullock against the Galveston, Laporte & Houston Railway Company, and a receiver was appointed. Subsequently the Union Trust Company and the Continental Trust Company, trustees in two several mortgages granted by the Galveston, Laporte & Houston Railway Company, intervened in the suit, and filed cross bills seeking the foreclosure of their respective mortgages. Thereafter, other parties having intervened in the meantime, the court rendered a final decree of foreclosure of the two mortgages, and ordered a sale of all the railroad property to satisfy the decree. After some delay and several offerings, a sale was effected under this decree to L. J. Smith, who assigned to Charles Broadhead, who assigned to the Galveston, Houston & Northern Railway Company, the appellant herein. The sale was duly confirmed, and by operation of law said Galveston, Houston & Northern Railway Company became the successor of all the rights, privileges, and franchises of the sold-out company. Pending the proceedings of foreclosure and sale, the administration by the receiver was so far unfortunate as to result in largely increasing the privileged indebtedness resting on the property. The proceeds realized from the sale were insufficient to meet all the receiver's obligations, much less to afford any sum to be applied upon the mortgage indebtedness; whereupon, after a master's report showing all the obligations and indebtedness of the receiver, and upon interventions theretofore and thereafter filed, the court proceeded to render a decree for the distri-

102 F.—8

bution of the proceeds of sale. From this decree this appeal is prosecuted.

The record shows that all the formal parties in the case, including those who filed petitions of intervention, are made parties to this appeal, except the Galveston, Laporte & Houston Railway Company, the original defendant in the main suit; and that all the distributees named in the decree appealed from who had counsel of record, or to whom the receiver was indebted in any considerable sum, are made parties, in compliance with an order of the circuit court as follows:

"It is further ordered, and for the reasons set forth in the above application, and in accordance with the prayer thereof, citation of said appeal shall not be required to be had on, or waiver thereof procured from, any of the persons named as the distributees in this said decree appealed from, except such as are represented by counsel or attorney of record in said cause."

The record further shows that the citation of appeal has been served on, or waiver of citation obtained from, all the parties to the appeal who are or were represented by counsel of record. The irregularities assigned in the first reason are not insisted upon, the record of this court showing that the proper order extending the return day was granted and filed. We understand the rule to be, with regard to appeals, that all parties to the record who appear to have an interest in the decree appealed from should be made parties to the appeal. Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563. We do not understand that persons who may be interested in the decree, yet are not parties to the suit, are necessary parties to an appeal. As to the distributees named in the decree who are holders of receiver's certificates, or simply creditors of the receiver, we are of opinion that, so far as they are not made parties, they are represented as to any interests they may have in the decree by the receiver; and that in respect to such distributees the appellant has done all that could be expected, and much more than absolutely required, in giving them full notice of this appeal. It is difficult to see that the Galveston, Laporte & Houston Railway Company has any interest whatever in the present appeal. Its property has been all sold out; it is insolvent beyond redemption; it is practically defunct; and as to its rights, privileges, and franchises has a lawful successor, and that successor is the appellant herein. The motion to dismiss is overruled.