(December 30, 1922.)

THE BANNOCK NATIONAL BANK, a Corporation, Respondent, v. AUTOMOBILE ACCESSORIES COMPANY, a Corporation, W. W. WHITE and D. D. WHITE, Defendants; ANCY SULLIVAN, Appellant; ELEANOR M. SULLIVAN, Intervenor and Appellant.

[212 Pac. 864.]

NOTICE OF APPEAL—SERVICE—ADVERSE PARTIES.

A joint and several judgment was entered against each of four
defendants and an intervenor, three of the defendants having de-
faulted.   The remaining defendant and intervenor appealed.   *Held*,
that the three defaulting defendants were adverse parties and en-
titled to service of notice of appeal, as to the appealing defendant,
within the meaning of C. S., sec. 7153, but were not adverse par-
ties and therefore not entitled to service of notice of appeal as to
the intervenor.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Motion to dismiss appeal. Sustained as to appellant, Ancy Sullivan. Denied as to intervenor, Eleanor M. Sullivan.

Geo. C. Huebener, for Appellants.

The words, "adverse party," in sec. 7153, C. S., mean "injuriously affect," "adversely affect," and "prejudicially affect," those who were not served with such notice, and this is the trend followed by California as well as other states. (*Nelson-Bennett Co. v. Twin Falls etc. Co.,* 13 Ida. 767, 13 Ann. Cas. 172, 92 Pac. 980; *Holt v. Empey,* 32 Ida. 106, 178 Pac. 703; *Kenney v. Parks,* 120 Cal. 24, 52 Pac. 40; *Diamond Bank v. Van Meter,* 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042.)

When the defendants upon whom notice of appeal was not served had defaulted, they are not thereafter entitled to notice of appeal if judgment has been rendered against them as well as against answering codefendants. (*Aulbach v. Dahler,* 4 Ida. 522, 43 Pac. 192; *Randall v. Hunter,* 69 Cal. 80, 10 Pac. 130; *McKeany v. Black* (Cal.), 46 Pac. 381; *Fearon v. Fodera,* 169 Cal. 370, 148 Pac. 200.)

The defaulting defendants have no interest in the subject matter of the intervenor's appeal. (*Mohr v. Byrne,* 132 Cal. 250, 64 Pac. 257.)

White & Bentley, for Respondent, file no brief.

BUDGE, J.—The Bannock National Bank sued the Automobile Accessories Company, a corporation, W. W. White, Ancy Sullivan and D. D. White. Eleanor M. Sullivan filed a complaint in intervention claiming ownership to certain moneys which had been attached by respondent as belonging to Ancy Sullivan, claiming the same as her sole and separate property. The Automobile Accessories Company, W. W.

White and D. D. White defaulted and judgment was entered against them. Ancy Sullivan filed his separate answer. Upon the trial judgment was had against him and Eleanor M. Sullivan. To the complaint in intervention of Eleanor M. Sullivan all of the defendants defaulted except respondent. From the judgment entered against Ancy Sullivan and Eleanor M. Sullivan this appeal is prosecuted.

The motion to dismiss the appeal is based on the following grounds:

"1. That the notice of appeal filed in said cause does not intelligently refer to the judgment in said cause.

"2. That the notice of appeal has not been directed to nor served upon the defendants, Automobile Accessories Co., a corporation, W. W. White and D. D. White.

"3. That the said Automobile Accessories Co., a corporation, W. W. White and D. D. White, are adverse parties herein and the time within which an appeal can be taken from the judgment against them in this cause has expired."

Upon the oral argument on the motion counsel for respondent conceded there was no merit in the first point stated in his motion to dismiss and we will therefore disregard it.

Coming to the second point, C. S., sec. 7153, reads in part as follows: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. . . . . "

An adverse party, within the meaning of C. S., sec. 7153, means any party who would be prejudicially affected by a modification or reversal of the judgment or order appealed from. (*Holt v. Empey*, 32 Ida. 106, 109, 178 Pac. 703. See, also, *Nelson Bennett Co. v. Twin Falls Land & Water Co.*, 13 Ida. 767, 13 Ann. Cas. 172, 92 Pac. 980; *Diamond Bank v. Van Meter*, 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042; *Titiman v. Alamance Mining Co.*, 9 Ida. 240, 74 Pac. 529; *Aulbach v. Dahler*, 4 Ida. 522, 43 Pac. 192.)

From the judgment in this case it appears: ". . . . that the default of the Automobile Accessories Co., a corporation,

W. W. White and D. D. White, having been duly entered for failing to answer or appear within the required time, . . . . it is ordered, adjudged and decreed that the plaintiff have and recover from the defendants Automobile Accessories Co., a corporation, W. W. White, Ancy Sullivan and D. D. White, or any or either of them, the principal sum. . . . . ''

It appears from the foregoing that default and judgment were entered against the Automobile Accessories Company, W. W. White and D. D. White and that the judgment is joint and several. Are the defaulting defendants adverse parties within the meaning of C. S., sec. 7153, and entitled to be served with notice of appeal as provided in said section? Would their rights be injuriously affected should the judgment against the Sullivans, or either of them, be reversed or modified? If the judgment against Ancy Sullivan is reversed or modified in this court it would relieve him in whole or in part from the payment of the judgment. The judgment being both joint and several all or any of the judgment debtors are liable, and should it be paid by the defaulting judgment debtors they would be entitled to contribution from Ancy Sullivan. The right of contribution would be denied them by a reversal of the judgment and they would be injuriously affected thereby, and therefore they should have been served with the notice of appeal.

It is said in the case of *Diamond Bank v. Van Meter*, *supra:* ''Where a joint judgment is rendered against two or more parties, and an appeal is taken by one of the parties against whom such joint judgment is rendered, then all other parties against whom such joint judgment has been rendered are adverse parties, and notice of appeal must be served upon each in order to give this court jurisdiction.''

In the appeal by Eleanor M. Sullivan, intervenor, the only question involved is whether the moneys attached by respondent are the separate property of the intervenor or community property of Ancy Sullivan and Eleanor M. Sullivan and a determination of this question could not prejudicially affect the nonappealing defendants.

As was said in the case of *The Diamond Bank v. Van Meter, supra:* "A safe rule to apply in determining whether a party to a judgment is adverse is, if the judgment be reversed and the cause again tried, could a judgment be entered which would injuriously affect the liability of such person by changing or increasing his liability or rights as fixed by the former judgment? If so, then such person is an adverse party within the meaning of the statute."

In the case of *Nelson Bennett Co. v. Twin Falls Land & Water Co., supra,* in the course of that opinion this court said: " 'Adverse parties upon whom notice of appeal must be served are such parties as a reversal of judgment would affect' (*Aulbach v. Dahler,* 4 Ida. 522, 43 Pac. 192; *Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529). The words 'would affect,' as used in these two decisions, mean 'adversely affect.' The statute intends that a notice of appeal should be served upon all parties who have an interest in conflict with a reversal of the judgment, or whose rights would be adversely affected by a reversal of such judgment. . . . . Where default is entered and the rights of the defendant cannot be prejudicially affected by further proceedings in the case, he is not entitled to any notice of such further proceedings."

From what has been said it follows that Automobile Accessories Company, W. W. White and D. D. White are adverse parties within the meaning of C. S., sec. 7153, and were therefore entitled to be served with notice of appeal. The motion to dismiss should therefore be sustained as to Ancy Sullivan and his appeal dismissed, and the motion as far as it concerns the appeal of Eleanor M. Sullivan should be denied, and it is so ordered. Costs of Ancy Sullivan appeal are awarded to respondent.

McCarthy, Dunn and Lee, JJ., concur.

Petition for rehearing denied.