(December 29, 1923.)

JOHN M. WRIGHT, Respondent, v. E. S. SPENCER and POCATELLO SECURITY TRUST COMPANY, a Corporation, Appellants.

[221 Pac. 846.]

APPEAL AND ERROR—MOTION TO DISMISS—"ADVERSE PARTY"—CORPORATIONS—INSOLVENCY.

1. An adverse party within the meaning of C. S., sec. 7153, is any party who would be prejudicially affected by a modification or reversal of the judgment appealed from.

2. Where a corporation, one of several defendants in an action, defaults or appears and answers but does not support its answer by proof, and a joint and several judgment is entered and it is an adverse party within the meaning of C. S., sec. 7153, and entitled to notice of appeal, nevertheless, where it is properly shown that it is hopelessly insolvent and practically defunct, a motion to dismiss on the ground that it was not served with notice of appeal will be denied.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. H. F. Ensign, Judge.

Motion to dismiss appeal. *Denied.*

McFadden & Perkins and W. A. Brodhead, for Respondent.

"Adverse party" means every party whose rights might be adverse or injuriously affected by a reversal of such judgment. Nominal or useless parties need not be joined. (3 C. J. 1006.)

The Pocatello Security Trust Co. is an adverse party within the meaning of C. S., sec. 7153, and must be served with notice of appeal, otherwise the appeal is subject to dismissal. (*Holt v. Empey,* 32 Ida. 106, 178 Pac. 703; *Nelson-Bennett Co. v. Twin Falls Co.,* 13 Ida. 767, 92 Pac. 980; *Diamond Bank v. Van Meter,* 18 Ida. 243, 108 Pac. 1042; *Titiman v. Alamance M. Co.,* 9 Ida. 240, 74 Pac. 529;

*Aulbach v. Dahler,* 4 Ida. 522, 43 Pac. 192; *Bannock Nat. Bank v. Auto Acc. Co.,* 36 Ida. 527, 212 Pac. 864.)

"Nothing short of actual dissolution, however, abates actions already pending; the mere commencement of winding-up proceedings and the appointment of a receiver *pendente lite* does not have that result." (Pomeroy Eq. Jur., 4th ed., sec. 1614.)

E. D. Reynolds and P. S. Haddock, for Appellant Spencer.

A corporation which is hopelessly involved and practically defunct is not a necessary party to an appeal. (*Galveston etc. R. R. Co. v. House,* 102 Fed. 112, 42 C. C. A. 205.)

Budge & Merrill, for Defendant Pocatello Security Trust Co.

PER CURIAM.—This is an action brought to recover on a promissory note given by appellant Spencer to the Pocatello Security Trust Co., and by the latter sold and transferred by blank indorsement and delivery to the plaintiff Wright, in whose favor a joint judgment against both Spencer and the company was entered. Both defendants answered, but only Spencer appeared at the trial and only Spencer appealed. It is admitted that he did not serve notice of appeal on his codefendant Pocatello Security Trust Co., and this is the ground for the motion to dismiss.

It has often been held by this court that an "adverse party" within the meaning of C. S., sec. 7153, is any party who would be prejudicially affected by a modification or reversal of the judgment appealed from. In the late case of *Bannock National Bank v. Auto Acc. Co.,* 36 Ida. 527, 212 Pac. 864, the rule was applied where defaulting defendants were not served by appealing codefendant with notice of appeal from a joint and several judgment. Where a codefendant has answered, as in the instant case, his right to be served would be at least as strong, if not stronger, than in the case of one who had wholly defaulted.

If the judgment in this case is reversed as to Spencer he will be freed from liability, while the judgment would still

stand as to the company, which did not appeal, and if actually recovered from the company, or any part thereof, it would be deprived of its right to enforce contribution against its codefendant Spencer, and would therefore be injuriously affected by such reversal.

Counsel for appellant contends, however, that the defendant corporation was practically defunct at the time judgment was rendered against it and Spencer on May 11, 1922. He has filed an affidavit made by himself in which he states, among other things: "That at the time the defendant E. S. Spencer was negotiating with plaintiff for a change of place of trial, this affiant consulted the said general attorneys of Pocatello Security Trust Co., as to making such change, and was informed that at that time the said corporation was practically insolvent and defunct, was not interested in the result of the action of John M. Wright; that it would make no appearance or resistance to the action of said John M. Wright, and had no interest one way or the other as to where the trial of said action be held or in the result thereof.

"That on December 1, 1920, the said corporation, Pocatello Security Trust Co., forfeited its charter to the state of Idaho by reason of the failure of such corporation to pay its annual license fee to the said state, all in due form and as provided by statute, and to this date has not reinstated itself as provided by law."

He then alleges the commencement of an action by a creditor of the corporation on April 29, 1921, praying for the appointment of a receiver on the ground of insolvency, alleges the subsequent appointment of a receiver and continues: "That said corporation is hopelessly involved financially and the amount of its liabilities greatly exceeds its property and assets." This affidavit is not controverted.

After the motion to dismiss appeal had been heard, appellant's counsel filed an affidavit by F. C. McGowan, reciting that affiant was the duly qualified, appointed and acting receiver of the Pocatello Security Trust Co., that he has been unable as such receiver to sell the assets of the

corporation "for sufficient to pay the costs and expenses of said receivership; that there will be nothing to pay creditors of said corporation, and that many judgments aggregating thousands of dollars have been taken against deponent as such receiver; that deponent is now under direction of the court endeavoring to wind up the affairs of said receivership and sell what property is in possession of deponent as such receiver to pay the expenses of said receivership."

Appellant's counsel cites *Galveston etc. R. R. Co. v. House,* 102 Fed. 112, 42 C. C. A. 205, to the effect that "a corporation which is hopelessly involved and practically defunct is not a necessary party to an appeal." In that case, however, it appears that the corporate assets had been entirely disposed of and that the corporation itself had a lawful successor. In this case it appears from the receiver's affidavit that the corporation has not yet been dissolved and that the receiver still has in his hands corporate assets upon which he is trying to realize. His statement that there will be nothing left to pay creditors is a conclusion merely.

"Nothing short of actual dissolution, however, abates actions already pending; the mere commencement of winding-up proceedings and the appointment of a receiver *pendente lite* does not have that result." (Pomeroy Eq. Jur., sec. 1614.)

Conceding all the facts relied upon by appellant's counsel to sustain his contention that the defendant corporation was virtually defunct at the time this judgment was rendered, it must be admitted that there still remains a spark of corporate vitality in the Pocatello Security Trust Co., and that there is a bare and remote possibility that the discharge of its codefendant from liability through a reversal of the judgment might injuriously affect it. But this possibility, under all the circumstances shown, seems so very remote that we conclude the ends of justice will be better served by giving appellant in this case the benefit of the doubt and allowing him to prosecute his appeal on the merits.