(March 31, 1925.)

C. E. LIND, Respondent, v. J. F. LAMBERT, Appellant.

[236 Pac. 121.]

APPEAL AND ERROR—MOTION TO DISMISS—ADVERSE PARTIES—NOTICE OF APPEAL—SERVICE.

1. An adverse party within the meaning of C. S., sec. 7153, is any party who would be prejudicially affected by a modification or reversal of the judgment appealed from.

2. A party, although in default, who would be adversely affected by a modification or reversal of the judgment is an adverse party who must be served with notice of appeal.

3. Where an adverse party is not served with notice of appeal upon proper motion the appeal will be dismissed.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Motion to dismiss appeal. *Appeal dismissed.*

Bothwell & Chapman, for Appellant.

The Paysee Investment Company is not an adverse party, so that it will be adversely or prejudicially affected by a reversal or modification of the judgment appealed from, since the sole issue presented to the trial court and tendered by this appeal is appellant's ownership and right to possession of the Buick automobile in question, the Paysee Investment Company having made no claim thereto, and it appearing without contradiction that it had sold the property to appellant receiving full payment therefor from him, and had delivered possession thereof to him. (*Bannock National Bank v. Automobile Accessories Co.,* 36 Ida. 527, 212 Pac. 864; *Holt v. Empey,* 32 Ida. 106, 178 Pac. 703; *The Diamond Bank v. Van Meter,* 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042; *Bergh v. Pennington,* 33 Ida. 198, 191 Pac. 204; *Aulbach v. Dahler,* 4 Ida. 522, 43 Pac. 192.)

The Paysee Investment Co. is not an adverse party so as to be adversely or prejudicially affected by a reversal or modification of the judgment appealed from, since said judgment is not a joint judgment against the said Paysee Investment Company and appellant, and its reversal or modification cannot affect the amount of respondent's judgment against the Paysee Investment Company. (*The Diamond Bank v. Van Meter, supra; Bannock National Bank v. Automobile Accessories Co., supra; Aulbach v. Dahler, supra.*)

The Paysee Investment Company is not an adverse party upon whom service of notice of appeal herein is required, for the reason that at the time of the perfecting of this appeal that corporation was defunct, its charter forfeited by executive proclamation in accordance with law for its failure to pay its annual license fee to the state, and said corporation

was at the time of perfecting appeal herein hopelessly insolvent and had no interest in this action and neither claim nor title to the property in controversy. (*Wright v. Spencer,* 38 Ida. 447, 221 Pac. 846; *Galveston, Huston & N. R. Co. v. House,* 102 Fed. 112, 42 C. C. A. 205; *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909.)

Sweeley & Sweeley, for Respondent.

Notice of appeal must be served on each party whose interest would be affected by modification or reversal of the judgment appealed from, whether such party be plaintiff, defendant or intervenor, and whether he appears or is in default. (*Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529; *Miller v. Wallace,* 26 Ida. 373, 143 Pac. 524; *Bridgham v. National Pole Co.,* 27 Ida. 214, 147 Pac. 1056; *State Bank v. Watson,* 27 Ida. 211, 148 Pac. 470.)

Service of notice of appeal must be made, being jurisdictional, whether party in default or not. (*The Diamond Bank v. Van Meter,* 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042.)

Adverse party, as used in this section (7151) means any party who would be prejudicially affected by the reversal of the judgment, a party who has an interest in conflict with a reversal of the judgment. (*Nelson Bennett Co. v. Twin Falls Land & Water Co.,* 13 Ida. 767, 13 Ann. Cas. 172, 92 Pac. 980.)

PER CURIAM.—Respondent sold two automobiles to the Paysee Investment Company. The first was paid for but the second was not. Thereafter respondent sued the Paysee Investment Company for the purchase price of the second car and levied attachment on the first. The car was later sold to satisfy the attachment.

Appellant intervened and claimed the car levied upon as his. The jury returned a verdict in favor of respondent and against appellant. The court thereupon entered judgment for respondent against the Paysee Investment Company and dismissed the complaint of intervention. There-

after on the hearing of appellant's complaint of intervention and the answer of the Paysee Company to such complaint, the Paysee Company refused to pursue its defense, where-upon the court entered the default of the company and adjudged appellant the owner and entitled to possession of the car as to the Paysee Investment Company.

Appellant appeals from the judgment entered against him, in favor of respondent.

Respondent moves to dismiss the appeal on the ground that a notice of appeal was not directed to nor served upon the defendant, Paysee Investment Company.

C. S., sec. 7153, provides in part: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. . . . . "

"An adverse party, within the meaning of C. S., sec. 7153, means any party who would be prejudicially affected by a modification or reversal of the judgment or order appealed from . . . . "

"In the case of *Nelson Bennett Co. v. Twin Falls Land & Water Co.*, 13 Ida. 767, 13 Ann. Cas. 172, 92 Pac. 980, in the course of that opinion this court said: 'Adverse parties upon whom notice of appeal must be served are such parties as a reversal of judgment would affect.' (*Aulbach v. Dahler*, 4 Ida. 522, 43 Pac. 192; *Titiman v. Alamance Min. Co.*, 9 Ida. 240, 74 Pac. 529.) The words 'would affect' as used in these two decisions, mean 'adversely affect.' The statute intends that a notice of appeal should be served upon all parties who have an interest in conflict with a reversal of the judgment, or whose rights would be adversely affected by a reversal of such judgment. . . . . Where default is entered and the rights of the defendant cannot be prejudicially affected by further proceedings in the case, he is not entitled to any notice of such further proceedings." (*Bannock Nat. Bank v. Automobile Accessories Co.*, 36 Ida. 527, 212 Pac. 864.)

The court in the above case, while granting the motion as to one of the appellants, denied the motion to dismiss the appeal of the intervenor because the question involved could not prejudicially affect the nonappealing defendants, and not because the parties had defaulted as to the intervenor, and were therefore adverse parties who should have been served.

In this case, the court, in entering the judgment appealed from, in effect found that the car belonged to the defendant, Paysee Investment Company, thereby making it subject to sale under execution, and satisfying the claim of respondent against the company, to the extent of the amount recovered from the sale. Should the judgment be reversed or modified in favor of appellant it would result in the setting aside of that satisfaction and instead of owing $172.85, the amount of the deficiency after sale, the Paysee Investment Company would be subject to an unsatisfied judgment debt of $1,007.75.

It is evident from the above that the defendant, Paysee Investment Company, would be adversely affected by a reversal or modification of the judgment. It does not appear that the Company was hopelessly insolvent so as to bring this case under the rule in *Wright v. Spencer,* 38 Ida. 447, 221 Pac. 846, and no notice of appeal having been served upon said company the appeal should be dismissed, and it is so ordered.

Costs awarded to respondent.

Petition for rehearing denied.