(No. 4916.　February 2, 1928.)

J. F. LAMBERT, Appellant, v. ROBERT B. PAYSEE and E. CURTIS WARREN, Trustees of the PAYSEE IN-VESTMENT COMPANY, a Defunct Corporation, and All the Stockholders and Members of Said Defunct Corporation, and CARL E. LIND, Respondents.

[263 Pac. 1001.]

APPEAL AND ERROR—MOTION TO DISMISS—ADVERSE PARTIES—NOTICE OF APPEAL—SERVICE.

　　Where corporation would be affected by reversal of judgment, it was an adverse party, and failure to serve notice of appeal on trustees of corporation, charter of which had been forfeited, requires dismissal of appeal.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to set aside judgment and execution. Judgment for defendants. . Appeal dismissed.

James R. Bothwell and W. Orr Chapman, for Appellant.

Sweeley & Sweeley, for Respondent Lind.

Counsel cite no authorities on point decided.

BRINCK, Commissioner. — Plaintiff, appellant here, brought this action to have declared void and to set aside a judgment entered May 13, 1922, and a writ of execution issued thereon, together with a writ of attachment which had been levied prior to the rendition of judgment, in an action wherein the defendant Lind was plaintiff, and a

Publisher's Note.

　　Parties entitled to notice of appeal, see notes in 13 Ann. Cas. 181; 21 Ann. Cas. 1277.　See, also, 2 R. C. L. 109.

　　See Appeal and Error, 3 C. J., sec. 1341, p. 1238, n. 53.

corporation, Paysee Investment Company, was defendant; and alleges that the writs of attachment and execution were levied upon property of this plaintiff. The defendants in this case are Robert B. Paysee and E. Curtis Warren, as trustees of the Paysee Investment Company, a corporation of which the charter has been forfeited for nonpayment of license fee, and Carl E. Lind, who was the plaintiff in the former action. The trial court rendered judgment for the defendants, and this appeal is prosecuted by plaintiff upon the judgment-roll.

From the findings of fact it appears that the charter of the Paysee Investment Company had been forfeited for nonpayment of annual license fee on December 1, 1920, and that the former action was instituted on December 31, 1920, against the corporation; that on January 3, 1921, the corporation's charter was reinstated by payment of the license fee, and that the corporation, on January 14, 1921, appeared in that action; that the charter of the corporation was again forfeited for the same cause on December 1, 1921; that on June 10, 1921, this plaintiff intervened in said former action, setting up his claim of ownership of an automobile which had been attached in that action, and in his complaint in intervention alleged the corporate existence of said corporation at all times from January 15, 1920, up to the time of the intervention; that judgment was entered in said suit on May 13, 1922, in favor of Lind, the plaintiff therein, and against the corporation, and this plaintiff; that at no time during the progress of the former action was the forfeiture of the corporation's charter suggested or its standing questioned; and that this plaintiff, Lambert, appealed from that judgment to the supreme court, and his appeal was dismissed. Plaintiff now urges invalidity of the judgment and proceedings in the former action, basing his contention upon the forfeiture of the charter of the corporation prior to the commencement of that action, and again prior to judgment therein.

The decision upon the former appeal appears in *Lind v. Lambert*, 40 Ida. 569, 236 Pac. 121, it being there held that

since the notice of appeal by Lambert, as intervenor in that case, was not served on the corporation, and since the corporation would be affected by a reversal of the judgment, its debt being paid out of the proceeds of the automobile, the appeal must be dismissed.

A motion is made to dismiss the present appeal, because of appellant's failure to serve notice of appeal upon the defendants Paysee and Warren, as trustees of the delinquent corporation. The same situation exists as to the interest of these parties in the result of this appeal, as existed in the former appeal as to the interest of the corporation; and on the authority of that decision, we recommend that the motion to dismisss the appeal be granted.

Ensign and Varian, CC., concur.

The foregoing is approved as the opinion of the court. The motion to dismiss the appeal is granted. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.