# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2018

No. 16-20680

Lyle W. Cayce
Clerk

CHARESE FOREMAN; RESIE'S CHICKEN & WAFFLES RESTAURANT,

Plaintiffs–Appellees Cross–Appellants,

v.

ACCEPTANCE INDEMNITY COMPANY; IAT GROUP INVESTIGATIVE
SERVICES UNIT,

Defendants–Appellants Cross–Appellees.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1890

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Acceptance Indemnity Company (AIC) denied Resie's Chicken & Waffles
Restaurant's (Resie's) insurance claim for property damage that resulted from
a fire on its premises. Resie's sued, alleging breach of contract and extra-
contractual claims. At the conclusion of a trial on the breach of contract claim,
the jury found that Resie's had failed to provide requested financial

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-20680

information to AIC and that AIC was prejudiced by that failure.  The district court held that insufficient evidence supported these findings and entered judgment as a matter of law for Resie's.  The court then denied Resie's motion for judgment as a matter of law and motion for a new trial on various damages theories and the extra-contractual claims.  AIC has appealed the entry of judgment as a matter of law on the contract claim and Resie's has cross-appealed.  We affirm the district court's judgment as to the extra-contractual claims, reverse the district court's judgment as to the contract claim, and remand with instructions to reinstate the jury verdict.

## I

Charese Foreman, the owner of Resie's, obtained an insurance policy from AIC in the amount of $100,000 covering commercial property damage, general liability, liquor liability, and equipment breakdown.  The policy imposed a number of conditions in the event of loss or damage, including that Resie's "must . . . . [a]s often as may be reasonably required, permit [AIC] to inspect the property proving the loss or damage and examine [Resie's'] books and records" and must "[c]ooperate with [AIC] in the investigation or settlement of the claim."

Less than six months after Resie's opened, a fire occurred on the premises.  At the scene, the Houston Fire Department concluded that it was an electrical fire.  Resie's submitted a claim for damages to AIC for the loss, and AIC sent Resie's a letter acknowledging receipt of its claim.  AIC also hired a third-party arson investigator to conduct an independent analysis of the incident.

Approximately nine months after the fire, AIC's attorney sent a letter to Resie's acknowledging the receipt of certain documents—"Bates stamped Numbers 1 through 219" (the Bates documents)—as well as financial and insurance claim records release authorizations from Resie's.  These documents

No. 16-20680

and authorizations seem to have been sent in response to a request or requests from AIC that are not in the record. The parties dispute, however, whether the documents AIC received were in fact the financial records it requested.

Two months later, AIC denied Resie's claim, concluding that (1) the fire was the result of arson, not an accidental loss; (2) Resie's failed to maintain a working smoke alarm; and (3) Resie's failed to provide the financial information requested on numerous occasions.

Resie's brought suit against AIC in state court and AIC removed the case to federal district court. Resie's asserted that AIC breached its insurance contract by failing to pay the claim under the terms of the policy, and that this alleged breach entitled Resie's to a prompt-payment penalty pursuant to the Texas Insurance Code and treble damages for AIC's knowingly wrongful conduct pursuant to the Texas Deceptive Trade Practices Act (DTPA). Resie's also asserted extra-contractual claims for other alleged violations of the Texas Insurance Code and DTPA, the intentional breach of a duty of good faith and fair dealing, and the libel and slander of Resie's and Foreman. AIC asserted three affirmative defenses: arson attributable to Resie's, a non-functioning smoke alarm on the premises, and Resie's failure to cooperate with AIC's requests for financial records. Resie's attempted to join Foreman as a plaintiff by adding her name to its pleadings, but the district court ultimately excluded her from the case. Resie's did not object to the denial of joinder and presented only the breach of contract claim to the jury.

At trial, Foreman gave extensive and at times conflicting testimony regarding the financial records. She stated that she "gave [AIC] everything that [it] asked for; receipts, invoices. [It] asked me for bank statements. [It] asked for me for tax returns. We gave [it] everything." She also testified that she provided her attorney with Resie's' accounting documents, which she claimed to have retrieved from a computer at the restaurant that was

3

undamaged by the fire. However, AIC introduced Foreman's testimony from her deposition in which she claimed to have never used this computer to access any documents after the fire. Foreman also stated in her deposition that she did not have access to the accounting documents because the computer remained at Resie's premises, from which she had been locked out by her landlord. Neither the accounting documents nor the Bates documents were introduced into evidence, but the letter acknowledging receipt of the Bates documents and authorizations, as well as the letter denying Resie's claim and alleging its failure to cooperate with document requests, were admitted. The jury also heard testimony from Foreman, AIC's arson investigator, and an electrical engineer regarding the arson and smoke detector issues.

The district court directed a verdict rejecting Resie's' claim for treble damages, concluding that the damages were the proceeds due under the insurance policy, and submitted special interrogatories to the jury regarding AIC's defenses. The jury rejected AIC's arson and smoke detector defenses but found that Resie's "failed to provide financial information relating to the business as requested" and that "such failure to provide documents to [AIC] was prejudicial to [AIC]." AIC then moved for entry of judgment and Resie's moved for judgment as a matter of law on the grounds of insufficient evidence supporting the jury's response to the financial records interrogatories, or, in the alternative, for a new trial only with respect to the financial records issue.

The district court denied AIC's motion for entry of judgment and granted Resie's motion for a new trial, concluding that "the great weight of the evidence [did] not support the verdict" and that Foreman's testimony was "undisputed and corroborated" by the AIC letter acknowledging receipt of the Bates documents and authorizations. The court denied Resie's motion for judgment as a matter of law, reasoning that because Resie's had failed to contest the

No. 16-20680

sufficiency of the evidence at the close of evidence, it had waived the right to bring such a motion.

After a failed attempt at mediation, the district court sua sponte withdrew its ruling and entered judgment as a matter of law for Resie's, awarding it the amount due under the insurance policy, a "prompt pay" penalty pursuant to state law, attorney's fees, and court costs. Resie's then moved for judgment as a matter of law or a new trial on its additional damages theories and extra-contractual claims, and also sought increased attorney's fees. The district court denied the motion, ruling that Resie's waived those bases for recovery by failing to include them in its prior motion for a new trial. Subsequently and without explanation, the district court amended its judgment to award attorney's fees of $125,000 to both Resie's and Foreman.

Resie's and AIC now appeal from that judgment. AIC seeks reversal of the judgment as a matter of law on the financial records issue and a corresponding award of attorney's fees. Resie's asks this court to reverse the judgment as to additional damages and fees and the denial of a new trial on damages and the extra-contractual claims.

## II

AIC asserts that the district court erred in granting judgment as a matter of law for Resie's on the breach of contract claim. We agree.

This court reviews a district court's ruling on a motion for judgment as a matter of law de novo.[1] When an action is tried to a jury, a motion for judgment as a matter of law "is a challenge to the legal sufficiency of the evidence supporting the jury's verdict."[2] Accordingly, this court "draw[s] all reasonable inferences and resolv[es] all credibility determinations in the light most

---

[1] *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004).
[2] *Id.*

5

favorable to [AIC]."[3]  "Judgment as a matter of law is appropriate where there is no legally sufficient evidence upon which the jury could find for a party on its claim."[4]  Such a case arises "where the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not arrive at a contrary verdict."[5]

## A

The district court erred on procedural grounds in granting judgment as a matter of law because Resie's did not properly challenge the sufficiency of the evidence under Federal Rule of Civil Procedure 50(a).  Resie's moved for judgment as a matter of law after trial under Rule 50(b), but a party must raise a Rule 50(a) motion prior to the close of evidence in order to "renew" that motion after the verdict.[6]  Resie's therefore waived its challenge to the sufficiency of the evidence.

Resie's waiver here is not excused.  "Technical noncompliance with Rule 50(b) may be excused in situations in which the purposes of the rule are satisfied"[7] —namely, alerting the court and plaintiff as "to the grounds on which the defendant contends the evidence is insufficient prior to the submission of the case to the jury."[8]  This exception is for "*de minimis*"

---

[3] *Id.* (quoting *Brown v. Bryan Cty., Okla.*, 219 F.3d 450, 456 (5th Cir. 2000)).

[4] *Carmona v. Sw. Airlines Co.*, 604 F.3d 848, 855 (5th Cir. 2010).

[5] *Id.*

[6] *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 238 (5th Cir. 2001) ("If a party fails to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal."); *see also* 9B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2537 (3d ed. 2017).

[7] *Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 610 (5th Cir. 1996).

[8] *Taylor Publ'g Co. v. Jostens, Inc.*, 216 F.3d 465, 472 (5th Cir. 2000) (quoting *Greenwood v. Societe Francaise De*, 111 F.3d 1239, 1244 (5th Cir. 1997)).

departures from Rule 50(b)[9] and applies only in limited cases where, for example, a party makes a Rule 50(a) motion on a substantially similar issue adequate to give notice of the perceived insufficiency[10] or objects to a proposed jury charge on the grounds that no evidence supports the claim.[11]  Resie's did neither, nor does the record reveal any other basis upon which the court and AIC were put on notice of Resie's sufficiency objection before the evidence was submitted to the jury.

Accordingly, the district court erred in granting Resie's motion for judgment as a matter of law.  "Where the trial court has granted judgment notwithstanding the verdict we may, in appropriate cases where there is sufficient evidence . . . to support a jury verdict to the contrary, order the reinstatement of the jury verdict."[12]  Because, as discussed below, sufficient evidence supports the jury's answer to interrogatories 4 and 5, we reinstate the jury verdict.

## B

We must view the evidence in the light most favorable to the verdict in determining if there is sufficient evidence upon which a reasonable juror could find for AIC.  There must be evidence not only that Resie's failed to provide the financial information that was requested, but also that this prejudiced AIC.  Had AIC "not been prejudiced by [Resie's] breach, the breach [would] not [have

---

[9] *Id.*

[10] *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 288-89 (5th Cir. 2007).

[11] *See id.*; *Bay Colony Ltd. v. Trendmaker, Inc.*, 121 F.3d 998, 1003 (5th Cir. 1997).

[12] *H.C. Blackwell Co. v. Kenworth Truck Co.*, 620 F.2d 104, 107 (5th Cir. 1980).

been] material, and [AIC] therefore [would] not [be] excused from its obligation to perform under the contract."[13]

The jury's answers to interrogatories 4 and 5 were as follows:

INTERROGATORY NO. 4:   Do  you  find  from  a preponderance of the evidence that Resie's Chicken & Waffles Restaurant failed to provide financial information relating to the business as requested?  Answer "Yes" or "No."

Answer:    Yes

INTERROGATORY NO. 5:  Do you find that such failure to provide documents to Acceptance was prejudicial to Acceptance? Answer "Yes" or "No."

Answer:    Yes

The district court concluded that "the record show[ed], undisputedly, that the means for obtaining [Resie's business] records [were] in [AIC's] hands," regardless of whether Resie's actually provided AIC the records.  The only reference in the record to authorizations to obtain records appears in a letter from AIC's counsel to Resie's counsel, which acknowledges receipt of authorizations for "(1) Insurance/Claim records; (2) General Release of Information; and (3) Financial Records."   However, AIC maintains that the financial records that it sought were Resie's profit and loss statements, and its balance sheets, and that these were not available from third parties and could not reliably be recreated from information obtained from third parties, such as bank records.  Resie's does not refute this with evidence or otherwise.  Foreman

---

[13] *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 694 (Tex. 1994); *see also Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 768 (Tex. 2014) ("If the insurer receives its reasonably anticipated benefit despite the insured's breach, the breach is immaterial, the insurer is not prejudiced, and the insurer is not excused from performance."); *Prodigy Commc'ns Corp. v. Agric. Excess & Surplus Ins. Co.*, 288 S.W.3d 374, 382-83 (Tex. 2009) ("[T]he insured's failure to provide notice 'as soon as practicable' will not defeat coverage in the absence of prejudice to the insurer."); *cf. Griggs v. State Farm Lloyds*, 181 F.3d 694, 703 (5th Cir. 1999) (upholding an insurer's repudiation of the contract based on the insured's failure to comply with the "independently sufficient condition precedent to coverage" requiring proof of loss).

testified in her deposition that Resie's' records regarding its profits and losses and balance sheet were maintained on a computer at the restaurant but that she never accessed or downloaded it after the fire. This deposition testimony was used to impeach Foreman at trial after she testified that she had given Resie's financial information to its counsel. Foreman also testified that she gave Resie's point of sale system financial information and tax returns to her attorney to provide to AIC. But Foreman admitted that the point of sale system does not include "profit and loss statement, balance sheet" and "expenses." The jury was entitled to conclude that Resie's did not produce information reflecting its profits and losses or it balance sheets. There is no evidence that it was available from other sources.

There was additional evidence the jury could have credited in reaching its conclusions. The jury could have considered the fact that Resie's failed to present at trial the financial records that it said had been provided in response to requests by AIC. The jury could have looked at all of the documents in evidence and found that none of them reflected the financial information that had been requested, and it could have credited descriptions of the 200-plus pages of documents that Resie's produced but that were not introduced into evidence. If Resie's had produced financial records to AIC, Resie's could have introduced the same records into evidence at trial. Its failure to do so could be considered by the jury. The facts and inferences do not point "so strongly and overwhelmingly in favor" of Resie's to warrant judgment as a matter of law.[14]

The district court also reasoned that, because the jury found that any arson was not attributable to Resie's, AIC's "assertion that the jury could infer from the owner's lack of cooperation that the owner or employees caused the fire . . . does not logically follow," as "the absence of hard copies of [Resie's]

---

[14] *Carmona v. Sw. Airlines Co.*, 604 F.3d 848, 855 (5th Cir. 2010).

books and records does not support nor defeat [its] property damages claim." This analysis conflates two independent defenses. The jury's answer to the arson interrogatory rejects one affirmative defense but has no bearing on the alternate affirmative defense that Resie's breached the cooperation clause of the insurance contract. In any event, the jury may have concluded that there was insufficient evidence of a motive for arson because records reflecting Resie's complete financial condition were not produced.

The jury's finding that AIC was prejudiced is also supported by the evidence, as a reasonable juror could have inferred that the failure to provide financial information prevented AIC from presenting a clear motive for the alleged arson. AIC specifically sought this prejudice finding in the jury charge in order to validate its denial of coverage based on Resie's breach of a policy condition. However the jury's prejudice finding affirms that AIC met this "prejudice requirement" and indicates that Resie's breach was material, so AIC's obligation to perform is excused.[15] We find sufficient evidence to reinstate the jury's verdict that Resie's breached the contract by failing to provide requested financial information and that this breach prejudiced AIC.

### III

Resie's cross appeal contends that the district court erred in failing to award treble damages under the DTPA, in reducing the amount of attorneys' fees, and in failing to grant a new trial on the breach of contract and extra-

---

[15] *See Lennar Corp. v. Markel Am. Ins. Co.,* 413 S.W.3d 750, 763 (Tex. 2013) (Boyd, J., concurring) ("[The Texas Supreme Court] imposed the prejudice requirement as a logical result of the rule that a party's breach of contract excuses the other party's performance only if the initial breach is material.").

contractual claims. Additionally, Resie's contends that the district court erred by excluding Foreman as a plaintiff.

In order to obtain treble damages under the DTPA, Resie's must present evidence that AIC knowingly engaged in wrongful conduct during its investigation.[16] Because there was a bona fide coverage dispute between the parties, there is no basis under Texas law for a bad faith claim.

Resie's contends that the district court abused its discretion in denying a new trial on the breach of contract claim. However, it argues only that a new trial on the amount of damages was warranted. That issue, as well as Resie's' request for a new trial regarding the amount of attorneys' fees awarded to Resie's, damages under section 542.058 of the Texas Insurance Code, breach of a duty of good faith and fair dealing, the claim under Chapter 541 of the Insurance Code, and Resie's claim for damages above and beyond the amount of coverage under the policy, is mooted by the reinstatement of the jury's verdict on the contract claim.

Denying a new trial based on the exclusion of Foreman was not an abuse of discretion because she was not a party to the insurance agreement between Resie's and AIC. However, she is a proper party to this appeal because the final judgment awarded her attorneys' fees[17]—an award that our vacatur of the judgment revokes.

*     *     *

For the foregoing reasons, we REVERSE the district court judgment in Resie's favor on the breach of contract claim and REMAND with instructions to reinstate the verdict of the jury. We otherwise AFFIRM the judgment.

---

[16] TEX. BUS. & COM. CODE ANN. § 17.50(b)(1).

[17] *See Galveston, H. & N. Ry. Co. v. House*, 102 F. 112, 114 (5th Cir. 1900) (citing *Davis v. Mercantile Tr. Co.*, 152 U.S. 590 (1894)).